[Civ. No. 22406.   Second Dist., Div. Three.   Feb. 5, 1958.]

GEORGE STEPHEN FOUNTAIN, Respondent, v. STATE BOARD OF EDUCATION et al., Appellants.

Edmund G. Brown, Attorney General, and Lee B. Stanton, Deputy Attorney General, for Appellants.

Carter, Young, Zetterberg & Henrie for Respondent.

SHINN, P. J.—The present action is against the State Board of Education and its individual members for a declaration that plaintiff's teaching credential, which was summarily revoked by the board, is still valid and in full force

and effect; and against the West Covina Board of Education and its individual members for a declaration that plaintiff is entitled to be restored to his position as an elementary school teacher in the West Covina School District. The state board defendants appeal from a declaratory judgment in favor of plaintiff which was entered on the pleadings. No appeal has been taken by the West Covina defendants.

The following facts were alleged in plaintiff's amended complaint and were admitted in defendants' answer to be true. In October 1948, plaintiff was accused in the Los Angeles Municipal Court of being a lewd vagrant, in violation of section 647, subdivision 5 of the Penal Code. Fountain pleaded not guilty and demanded a jury trial. He then withdrew his demand for a jury trial and submitted the matter to the court on the arrest report. November 17, 1948, the court found him guilty of being a lewd vagrant. December 2, 1948, the proceeedings were suspended without imposition of sentence and Fountain was granted probation on condition that he pay a $50 fine, which he paid. On January 4, 1950, pursuant to a motion under section 1203.4 of the Penal Code, the court vacated its finding of guilt, entered a plea of not guilty, and dismissed the case. The State Board of Education issued a general elementary credential to plaintiff in 1951; the credential was renewed in 1953. Plaintiff was employed as an elementary school teacher by the West Covina Board of Education for the school year commencing in September 1951, and his employment was successively renewed by written contract for the school years commencing in September 1952, 1953 and 1954. By virtue of the last contract renewal plaintiff became a permanent employe of the school district and was earning a salary of $4,800 a year. In May 1954, the state board notified Fountain of its intention to revoke his teaching credential under the provisions of section 12756 of the Education Code, which was enacted by the Legislature in 1952.

It is sufficient to say of the section, at this point, that in conjunction with sections 12011, 12011.5 and 12011.7 of the Education Code,[1] it provides that whenever the holder of a

---

[1] "12011. A termination of probation and dismissal of an accusation or information pursuant to Section 1203.4 of the Penal Code shall not, for the purposes of this division, have any effect. (Added Stats. 1949, ch. 1268, p. 2232, § 2.)"

"12011.5. A plea or verdict of guilty or a finding of guilt by a court in a trial without a jury is deemed to be a conviction within the meaning of Sections 12107, 12756, 12785, 13001.3, and 14002.3 of this code, irrespective of a subsequent order under the provisions of Section 1203.4

teaching credential has been "convicted" of any "sex of-fense" specified in section 12011.7, including lewd vagrancy, the state board shall suspend the credential forthwith and when the conviction becomes final or imposition of sentence is suspended, the board shall revoke the credential forthwith. A finding of guilt by the court in a trial without a jury is deemed to be a conviction notwithstanding a subsequent order of dismissal under section 1203.4 of the Penal Code; such an order is to have no effect.

It was further alleged that Fountain made a written request for a hearing before the state board but he was denied a hearing upon the ground that revocation of his credential was mandatory under section 12756. July 29, 1954, the board revoked plaintiff's teaching credential. September 1, 1954, the West Covina Board of Education discontinued his services. October 27, 1954, the state board denied his request to be reinstated or to be allowed a hearing in order to present evidence of his moral fitness to teach in the public schools. The board also informed Fountain that a teaching credential could not be issued to him in the future.

The gravamen of plaintiff's amended complaint is that the state board acted in excess of its jurisdiction in revoking his credential without a hearing, in that he was never "con-

of the Penal Code allowing the withdrawal of the plea of guilty and entering of a plea of not guilty, or setting aside the verdict of guilty, or dismissing the accusations or information. The record of such conviction of a sex offense as defined in Section 12011.7 shall be sufficient proof of conviction of a crime involving moral turpitude for the purposes of Article 2 of Chapter 11 of Division 7 of this code, relating to the dismissal of permanent employees. (Added Stats. 1952, 1st Ex. Sess., ch. 25, p. 389, § 1.)"

"12011.7. 'Sex offense' as used in Sections 12107, 12756, 12785, 13001.3 and 14002.3 of this code means any offense defined in Sections 266, 267, 285, 286, 288, 288a, 647a, subdivision 3 or 4 of Section 261, subdivision 5 of Section 647, or subdivision 1 or 2 of Section 311 of the Penal Code; or any offense involving lewd or lascivious conduct under Section 702 of the Welfare and Institutions Code; or any attempt to commit any of the above-mentioned offenses; or any offense committed or attempted in any other state which, if committed or attempted in this State, would have been punishable as one or more of the above-mentioned offenses. (Added Stats. 1952, 1st Ex. Sess., ch. 25, p. 390, § 2.)"

"12756. *Whenever* the holder of any credential, life diploma, or document issued by the State Board of Education has been convicted of any sex offense as defined in Section 12011.7, the State Board of Education shall *forthwith* suspend the credential, life diploma, or document. If the conviction is reversed and the holder is acquitted of the offense in a new trial or the charges against him are dismissed, the board shall forthwith terminate the suspension of the credential, life diploma, or document. *When the conviction becomes final* or when imposition of sentence is suspended the board shall forthwith revoke the credential, life diploma, or document. (Added Stats. 1952, 1st Ex. Sess., ch. 25, p. 390, § 4.)" (Emphasis added.)

victed'' of a ''sex offense'' within the meaning of section 12756 of the Education Code, and that the statute is unconstitutional and void insofar as it purports to require the board to revoke his credential summarily. In their answer, the state board defendants denied these allegations of the amended complaint, and alleged as a separate defense to the action that immediately upon the adoption of section 12756 they sought from the attorney general his opinion as to whether the statute was applicable to persons ''convicted'' of a ''sex offense'' prior to the effective date of the statute; that the attorney general replied in the affirmative by written opinion dated July 1, 1952, and reported at 20 Opinions Attorney General California 10; that the board has continuously followed the attorney general's construction of the statute in administering and enforcing the laws relating to teachers' credentials; that although the Legislature had knowledge of this administrative practice and has met on many occasions since 1952, it has not amended section 12756; and that its inaction indicates legislative approval of the attorney general's construction of the statute.

In passing upon plaintiff's motion for judgment on the pleadings, the court below ruled in a memorandum opinion that the answer presented no triable issues of fact, that Fountain had not been ''convicted'' of a ''sex offense,'' and that the Legislature did not intend section 12756 to apply retroactively.

The judgment declared that section 12756 is inapplicable to Fountain's situation, that his credential was revoked unlawfully and is still in full force and effect; that he has the right to its immediate restoration; that he is entitled to be restored to his employment with the West Covina School District and to all rights under his contract of employment, including tenure, promotion, salary increases and contract renewals; that the state board is privileged to take steps toward the prospective revocation or suspension of his teaching credential, but not to proceed summarily, or upon the sole basis of the facts alleged in the amended complaint; that the state board has no right to refuse to renew his credential summarily, or upon the sole basis of the facts alleged in the amended complaint; but that the board may consider those facts in proceedings held to determine plaintiff's moral fitness to hold a teaching credential and to be employed as a public school teacher; that plaintiff was not ''convicted'' of a ''sex offense.''

Two questions are presented on the appeal: (1) Was Fountain "convicted" in 1948 of a "sex offense" as defined by section 12011.7 of the Education Code? (2) If so, did the Legislature intend section 12756 to apply to holders of a teaching credential "convicted" of a "sex offense" prior to the effective date of the statute?

█ We agree with the state board that plaintiff was "convicted" of a "sex offense." The undisputed facts are that Fountain was charged with violating section 647, subdivision 5 of the Penal Code (lewd vagrancy); he submitted the matter to the court on the report of the arresting officers; the court made a finding of guilt, suspended imposition of sentence and placed him on probation on condition that he pay a $50 fine. It cannot be doubted that Fountain was prosecuted for committing a sex offense, as a violation of section 647, subdivision 5, is one of the crimes expressly denominated a "sex offense" by section 12011.7 of the Education Code.

Plaintiff argues, however, that the 1948 proceedings did not terminate in a conviction, that the finding of guilt was vacated by the court in 1950, and that the order dismissing the proceedings against him is res judicata as to his innocence and has the effect of releasing him from "all penalties and disabilities" resulting from the prosecution. In making these contentions Fountain relies upon *In re Phillips*, 17 Cal.2d 55 [100 P.2d 344, 132 A.L.R. 644] and *Suspension of Hickman*, 18 Cal.2d 71 [113 P.2d 1], which defined the word "conviction" as used in the mandatory disbarment provisions of the State Bar Act. (Bus. & Prof. Code, §§ 6101, 6102.) In Phillips it was held that the petitioner had been "convicted" when sentence had been imposed and execution suspended, although when the terms of probation had been fulfilled the case was dismissed. The Supreme Court held in Hickman that an attorney has not been "convicted" of an offense involving moral turpitude where imposition of sentence was suspended, probation was granted and the proceedings were subsequently dismissed under section 1203.4 of the Penal Code. Neither case is helpful. Section 12011.5 of the Education Code, which we have already quoted, expressly provides that a finding of guilt by the court in a trial without a jury is deemed to be a conviction within the meaning of section 12756 and that such a finding constitutes a conviction irrespective of a subsequent order dismissing the accusation. Section 12011 provides that a termination of probation and an order dismissing an accusation "shall not, for the purposes of this

division, have any effect.'' The latter statute was enacted in 1949, prior to Fountain's motion to vacate the finding of guilt. ■ Furthermore, it is settled that proceedings to suspend or revoke business or professional licenses are not included among the penalties and disabilities that are released by a dismissal pursuant to section 1203.4. (*Meyer* v. *Board of Medical Examiners,* 34 Cal.2d 62, 66-67 [206 P.2d 1085], and cases cited.)

■ The next and decisive question on the appeal is whether, as appellants argue, the Legislature intended section 12756 to apply retrospectively. Had Fountain suffered his conviction after the effective date of the statute, there would be no doubt of the board's authority to revoke his credential by summary action, for it was held in *DiGenova* v. *State Board of Education,* 45 Cal.2d 255 [288 P.2d 862], that the statute does not require either formal notice, charges or a hearing. The DiGenova case did not, however, decide whether the statute was retroactive. The opinion states that the only question involved was the revocation of the plaintiff's credentials without charges, notice or hearing.

■ It is an established canon of interpretation that statutes are not to be given a retrospective operation unless it is clearly made to appear that such was the legislative intent. (*Aetna Cas. & Surety Co.* v. *Industrial Acc. Com* . 30 Cal.2d 388 [182 P.2d 159].) Section 3 of the Penal Code states that: ''No part of it is retroactive, unless expressly so declared.'' Identical provisions are to be found in the Civil Code and the Code of Civil Procedure, and there can be no doubt that such is the policy of the law. ■ As the Supreme Court said in *Krause* v. *Rarity,* 210 Cal. 644, at page 655 [293 P. 62, 77 A.L.R. 1327] : ''. . . although the legislature has the power to give a statute retrospective operation, if it does not impair the obligations of contracts or disturb vested rights, yet it is to be presumed that no statute is intended to have that effect, and it will not be given that effect, unless such intention clearly appear from the language of the statute.' (See also *Estate of Thramm,* 80 Cal.App.2d 756 [183 P.2d 97] ; *Rafferty* v. *City of Covina,* 133 Cal.App.2d 745 [285 P.2d 94] ; *Chesin* v. *Superior Court,* 142 Cal.App.2d 360 [298 P.2d 593] ; *State* v. *Industrial Acc. Com.,* 48 Cal.2d 355 [310 P.2d 1].) ■ We find nothing in section 12756 or elsewhere in the Education Code which would compel, much less justify, a conclusion that that statute was intended to apply retrospectively.

Conviction of a sex offense is one of only three grounds upon

which the Education Code compels the state board or the governing boards of school districts to revoke or refuse to renew teaching credentials or to dismiss permanent employes from their employment without provision for an administrative or judicial hearing. The others are: a determination that the credential holder is a sexual psychopath (Ed. Code, § 12758), and a final conviction of one or more of a number of offenses listed in section 12755, some of which are also defined as sex offenses in section 12011.7. A holder of a credential may otherwise obtain a hearing on his appeal to the board from the refusal of the Commission on Credentials to renew his credential. (Ed. Code, §§ 12401.1, 12401.2.) He may obtain a hearing in proceedings taken to suspend his credential for refusal, without cause, to fulfill a valid contract of employment, or to revoke or suspend his credential on account of immoral or unprofessional conduct, evident unfitness for service or persistent refusal to obey the laws regulating the duties of persons serving in the public school system. (Ed. Code, §§ 12752, 12752.1.) The latter section provides that these hearings are to be conducted in accordance with the procedure for administrative hearings outlined in the Government Code. (Gov. Code, § 11500 et seq.) A certificated employe of a school district whose dismissal is sought on account of immoral or unprofessional conduct, dishonesty, incompetency, evident unfitness for service, or because of the conviction of a felony or of any crime involving moral turpitude, or upon certain other grounds, may demand a hearing within 30 days after notification of the district's intention to dismiss him. If he demands a hearing, the district must either rescind its action or file a complaint in the superior court setting forth the charges against the employe, asking that the court inquire into the charges and determine whether they are true, and if true, whether they constitute sufficient grounds for his dismissal from employment. (Ed. Code, § 13521 et seq.)

We make reference to these procedures in order to emphasize the manifest injustice of a retrospective application of section 12756. Were the statute to operate retrospectively, a teacher who had rendered satisfactory services in the public schools for many years could be permanently excluded from his profession and peremptorily dismissed from his employment solely because, at some time in his youth, he had suffered a conviction of a crime denounced as a "sex offense." He would be afforded no opportunity to present evidence of his present moral character, his reputation and standing in the community

and his present fitness to teach in the public schools. Retrospective operation of the sections under review would impose upon the State Board of Education, at least by implication, a duty to become informed as to the past history of applicants, without respect to the passage of time. Surely this was not the intention. ▇ Constructions that are unreasonable or which would lead to hardship and injustice are not favored by the courts, and will be avoided where not rendered mandatory by the plainly expressed intent of the Legislature. (23 Cal.Jur. 767, 768.) ▇ And in view of the express language of the statute, to which we must now turn, we cannot hold that the Legislature intended section 12756 to operate unreasonably or to lead to harsh and oppressive consequences.

The first sentence of the statute reads, in material part: *"Whenever* the holder of any credential . . . issued by the State Board of Education has been convicted of any sex offense . . . the . . . Board . . . shall *forthwith* suspend the credential. . . ."* The words *"whenever"* and *"forthwith"* commonly denote future time. The second and third sentences read: "If the conviction is reversed and the holder is acquitted of the offense in a new trial or the charges against him are dismissed, the board shall forthwith terminate the suspension of the credential. . . . *When the conviction becomes* final or when imposition of sentence *is* suspended the board shall *forthwith* revoke the credential. . . ."* (Emphasis added.) We need say no more of the sentences we have just quoted than that they clearly and unmistakably refer to criminal proceedings occurring after the effective date of the statute. Had the Legislature intended the contrary, it could have enacted the statute to commence: "Whenever the holder of any credential . . . has heretofore been or is hereafter convicted" of a "sex offense" and used similar wording throughout. Our view of the legislative intention is fortified by the express language of sections 13001.3 and 14002.3, Education Code, which were also added to the code in 1952. Those statutes provide that governing boards of school districts shall not employ or retain in employment persons in public school service who have been "convicted" of a "sex offense," subject to provisos identical in meaning to that contained in section 12756, namely, that: "If, however, any such conviction is reversed and the person is acquitted of the offense in a new trial or the charges against him are dismissed, this section does not prohibit his employment thereafter." The state board refers to sec-

tion 12107 which provides that the board shall deny any application for issuance or renewal of a credential made by any applicant who has been "convicted" of a "sex offense." It is contended that the section should receive retrospective application and upon this assumption it is argued that consistency would require that section 12756 also should be applied retrospectively. Section 12107 relates to but one feature of an entire scheme found in the several sections which we have quoted and discussed. Section 12107 does not indicate a general plan for retrospective operation. It is not in conflict with our interpretation of section 12756.

In urging a retrospective interpretation of section 12756, appellants rely heavily upon the 1955 amendments to sections 12011.7 and 12106 of the code. The amendment to section 12011.7 which defined a violation of section 311, subdivision 1 of the Penal Code (indecent exposure) as a "sex offense," added the words "committed on or after the effective date of the amendment of this section"; the amendment to the latter statute provides that a conviction of indecent exposure prior to the effective date of the amendment may, in the state board's discretion, constitute grounds for denying an application for a teaching credential. These amendments, it is argued, indicate a legislative intent to give retroactive operation to section 12756 as to persons convicted of indecent exposure. The reason for the amendments is furnished by an extract from a report of the Assembly Interim Committee on the Judiciary, which is quoted in appellants' brief: "The enactment of such legislation was urged by the Department of Education because there are instances in which persons have been convicted of indecent exposure but are not truly sex criminals, and such cases should be distinguished." The amendments in our opinion were merely intended to distinguish between acts committed on or after the effective date of the amendments and acts committed prior to that date, but subsequent to the enactment of section 12756.

Appellants also place much emphasis upon other quoted extracts from reports of the various legislative committees concerned with the adoption of section 12756 and related sections of the code. We have carefully examined these expressions of the legislative intent, but find in them nothing which conflicts with the views we have stated. With respect to the attorney general's opinion (20 Ops. Atty. Gen. Cal 10) mentioned earlier, holding section 12756 to be retrospective, we need say only that we deem it erroneous, and that it is incon-

sistent with a contemporaneous opinion (20 Ops. Atty. Gen. Cal. 173) which holds the very similar language of section 12755 to be prospective.[2] ██ Final responsibility for the construction of a statute rests with the courts, and although an interpretation of a statute by the officials charged with administering it is entitled to serious consideration, the courts are not bound by an erroneous administrative construction. (*Whitcomb Hotel, Inc.* v. *California Emp. Com.*, 24 Cal.2d 753, 756-758 [151 P.2d 233, 155 A.L.R. 405], and cases cited.)

██ We are convinced that the trial judge correctly determined that under a proper construction of the law it was the intention that section 12756 should operate prospectively. Given prospective operation it requires the revocation of certificates of recent offenders without a hearing. As we have previously pointed out, applying it retroactively would deprive a certificate holder of a right to a hearing in which to prove his good moral character and fitness to teach if it appeared that at some time in the remote past he had been "convicted" of a "sex offense." As between a construction of the law which would penalize him without a hearing and one which would afford him a hearing and accomplish the full purpose of the law, the latter is to be preferred. (23 Cal.Jur. 767, 768; 2 Cal.Jur.2d 217, 218; *Carroll* v. *California Horse Racing Bd.*, 16 Cal.2d 164, 167-168 [105 P.2d 110]; *Covert* v. *State Board of Equalization*, 29 Cal.2d 125, 131 [173 P.2d 545]; *Aylward* v. *State Board etc. Examiners*, 31 Cal.2d 833, 838 [192 P.2d 929]; *Fascination, Inc.* v. *Hoover*, 39 Cal.2d 260, 271 [246 P.2d 656]; *Andrews* v. *State Board of Registration*, 123 Cal.App.2d 685, 692 [267 P.2d 352].)

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied February 25, 1958, and appellants' petition for a hearing by the Supreme Court was denied April 2, 1958.

---

[2] "12755. Upon the becoming final of the conviction of the holder of any credential, including a life diploma, or document, issued by the State Board of Education of a violation, or attempted violation, of any one or more of Penal Code Sections 187 to 191, 192 insofar as said section relates to voluntary manslaughter, 193, 194-232, both inclusive, 244, 245, 261 to 267, both inclusive, 273a, 273f 273g, 278, 285 to 288a, both inclusive, 424, 425, 484 to 488, both inclusive, 503 and 504, or of Welfare and Institutions Code Section 702, the State Board of Education shall forthwith revoke the credential, life diploma, or document. (Stats. 1943, ch. 71, p. 545, § 12755, as amended Stats. 1945, ch. 1148, p. 2189, § 1.)"