[Crim. No. 4258. Fourth Dist., Div. One. May 13, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
PAMELA CAROLE SHARMAN, Defendant and Appellant.

COUNSEL

Richard K. Livett for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Charles B. McKesson, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**COUGHLIN, Acting P. J.**—Defendant was convicted of the offense of possession of marijuana, i.e., a violation of Health and Safety Code section 11530, upon a plea of guilty; was granted and satisfactorily completed probation; was permitted to withdraw her plea of guilty, whereupon the case was

dismissed pursuant to Penal Code section 1203.4; moved the court to seal the record of her conviction and all public official records filed in the cause, which was denied; and appeals from the order denying her motion.

A copy of the arrest disposition report by the Bureau of Criminal Identification and Investigation, compiled pursuant to Penal Code sections 11115, 11116, 11116.6 and 11117, is a part of the records filed in the cause.

■ Defendant contends the records should be sealed to secure to her the benefits of Penal Code section 1203.4 which provides upon a dismissal of the case pursuant thereto, a defendant "shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted"; and access by the public to the information contained in the records in her case is a penalty and disability within the meaning of the statute. It would be unreasonable to believe the statute was directed to the release of penalties or disabilities over which the State had no control. Stated otherwise, reasonably construed, the statute is directed only to penalties and disabilities from which the State can release the offender. The fact information in the records is accessible to the public, of itself, is not a penalty or disability. Any claimed penalty or disability in the premises arises from use of the information to the disadvantage of the offender. When a member of the general public possessing that information uses it to the disadvantage of the offender the resultant penalty or disability, if any, is imposed by the person or persons possessing and using the information, such as a prospective employer or a neighborhood bridge group. Penalties or disabilities of this nature are not State imposed and, in many instances, might not be subject to State proscription.

In addition, the statute does not release an offender from all consequences of his conviction in the nature of a penalty or disability, e.g., disbarment (*In re Phillips,* 17 Cal.2d 55 [109 P.2d 344, 132 A.L.R. 644]); revocation of business and professional licenses (*Ready* v. *Grady,* 243 Cal. App.2d 113 [52 Cal.Rptr. 303]; *Copeland* v. *Dept. of Alcoholic Bev. Control,* 241 Cal.App.2d 186 [50 Cal.Rptr. 452]; *Epstein* v. *California Horse Racing Board,* 222 Cal.App.2d 831 [35 Cal.Rptr. 642]); suspension by the State Medical Board (*Meyer* v. *Board of Medical Examiners,* 34 Cal.2d 62 [206 P.2d 1085]); suspension by the State Board of Education (*Fountain* v. *State Board of Education,* 157 Cal.App.2d 463 [320 P.2d 899]); and deportation (*Kelly* v. *Immigration and Naturalization Service,* 349 F.2d 473).

■ Furthermore, defendant's construction of Penal Code section 1203.4, which would confer upon an offender the right to have the records in his case sealed, must be rejected in light of Penal Code section 1203.45

which expressly provides where the offender receiving the relief provided by Penal Code section 1203.4 is under the age of 21 years, and the offense involved is a misdemeanor, he may petition the court for an order sealing the record of conviction and all other official records in the case. The express inclusion in Penal Code section 1203.45 of the foregoing provisions dictates the conclusion they were not included by implication in Penal Code section 1203.4. (*People* v. *Valentine*, 28 Cal.2d 121, 142 [169 P.2d 1]; *Lambert* v. *Conrad*, 185 Cal.App.2d 85, 95 [8 Cal.Rptr. 56].) In addition, Penal Code section 1203.45 expressly declares it does not apply to violations of division 10 of the Health and Safety Code, which includes the violation for which defendant was convicted and granted probation. It would be unreasonable to construe Penal Code section 1203.4 to require sealing the records of an adult narcotics offender when, by virtue of Penal Code section 1203.45, the record of a minor narcotics offender may not be sealed.

■ Defendant's contention filing the arrest disposition report by the Bureau of Criminal Identification and Investigation in the records of her case, where it is accessible to the general public, is contrary to the policy of Penal Code section 1203.4, and for this reason the report should be sealed, also is without merit. The report in question merely relates the charge against defendant was dismissed pursuant to Penal Code section 1203.4 and added nothing to the information already in the file.

The order is affirmed.

Whelan, J., and Ault, J., concurred.