Filed 9/16/20

<u>**CERTIFIED FOR PUBLICATION**</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>       v.<br><br>D.C.,<br><br>    Defendant and Appellant. | F078629<br><br>(Super. Ct. No. BF130577A)<br><br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kern County. Michael G. Bush, Judge.

Law Office of Bill Slocumb & Associates and William H. Slocumb for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Ward A. Campbell, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

Defendant D.C.[1] petitioned to seal his arrest record pursuant to Penal Code section 851.91 after pleading no contest to possession of a controlled substance and successfully

---

[1] Rule 8.90(b) of the California Rules of Court directs us to "consider referring to" certain individuals "by first name and last initial, or, if the first name is unusual or other circumstances

completing treatment and probation pursuant to section 1210.1.  (Undesignated statutory references are to the Penal Code.)  The trial court denied the petition and held defendant was ineligible for relief under section 851.91.  On appeal, defendant contends he qualifies for relief under section 851.91 as a person whose arrest did not result in a conviction because his arrest and conviction are deemed never to have occurred pursuant to section 1210.1, subdivision (e)(1).

We affirm the court's order denying defendant's petition.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2010, the People charged defendant with felony possession of a controlled substance in violation of Health and Safety Code section 11350, subdivision (a) (count 1) and misdemeanor destruction of evidence in violation of Penal Code section 135 (count 2).  The district attorney noted defendant was ineligible for drug diversion pursuant to section 1000 because he had a prior conviction for a controlled substance offense.  Pursuant to a negotiated plea agreement, defendant pled no contest to count 1.  The court suspended imposition of judgment, placed defendant on probation pursuant to section 1210.1 subject to certain terms and conditions, and dismissed count 2.

Defendant completed a drug treatment program and the other terms of his probation.  The court terminated probation and set aside defendant's conviction and plea of nolo contendere on count 1.  It ordered a plea of not guilty to be entered pursuant to section 1210.1 and dismissed count 1.

Eight years later, in 2018, defendant filed a petition to seal his arrest records related to the 2010 charge pursuant to section 851.91.  The court denied the petition, stating it did not believe "someone who went through the Prop 36 [probation] program is eligible" for relief under section 851.91.  Defendant appeals the denial of the petition.

would defeat the objective of anonymity, by initials only," in order to protect those individuals' privacy.  The list of people to whom this rule applies includes "[p]ersons in other circumstances in which personal privacy interests support not using the person's name …."  (Cal. Rules of Court, rule 8.90(b)(10).)  In this opinion, we refer to defendant by his first and last initials, given that the sole purpose of this appeal is to attempt to vindicate a statutory privacy right.

# DISCUSSION

Defendant argues the court erred in concluding he is ineligible to have his arrest records sealed pursuant to section 851.91.

## I.     Standard of Review

This case requires us to consider the interaction between a statutory scheme enacted by the Legislature, section 891.51, and one enacted by the public, section 1210.1 (enacted through Prop. 36).  (See *People v. Jimenez* (2020) 9 Cal.5th 53, 61.)  The interpretation of the scope of these statutory schemes is a question of law we review de novo.  (*Ibid.*)  In conducting our review, ""'our fundamental task is 'to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute[s].'''  [Citation.]" (*People v. Tran* (2015) 61 Cal.4th 1160, 1166.)

> "We look first to '"the language of the statute, affording the words their ordinary and usual meaning and viewing them in their statutory context."'  [Citation.]  We must construe statutory language in context, bearing in mind the statutory purpose, and giving effect to the intended purpose of an initiative's provisions.  [Citations.]  We may also consider extrinsic sources, 'such as an initiative's election materials, to glean the electorate's intended purpose.'"  (*People v. Jimenez*, *supra*, 9 Cal.5th at p. 61.)

## II.     Applicable Law

### A.     Proposition 36 and Section 1210.1

Following the enactment of Proposition 36, the Substance Abuse and Crime Prevention Act of 2000, which took effect July 1, 2001, a defendant who is convicted of a "nonviolent drug possession offense" must receive probation and diversion into a drug treatment program and may not be sentenced to incarceration as an additional term of probation.  (*People v. Canty* (2004) 32 Cal.4th 1266, 1272–1273; see § 1210.1, subd. (a).)  To that end, Proposition 36 enacted section 1210.1, subdivision (a), which provides in relevant part, subject to the exceptions set forth, "'any person convicted of a nonviolent drug possession offense shall receive probation.  As a condition of probation the court

shall require participation in and completion of an appropriate drug treatment program.'" (*People v. Canty*, *supra*, at p. 1275.)

Section 1210.1, subdivision (e)(1) provides for a defendant's conviction to be "set aside" and, with certain exceptions, for the arrest and conviction to be "deemed never to have occurred" if the defendant successfully completes drug treatment and complies with the terms of probation. It states:

> "[A]ny time after completion of drug treatment and the terms of probation, the court shall conduct a hearing, and if the court finds that the defendant successfully completed drug treatment, and substantially complied with the conditions of probation, … the conviction on which the probation was based shall be set aside and the court shall dismiss the indictment, complaint, or information against the defendant. In addition, except as provided in paragraphs (2) and (3), *both the arrest and the conviction shall be deemed never to have occurred*. The defendant may additionally petition the court for a dismissal of charges at any time after completion of the prescribed course of drug treatment. Except as provided in paragraph (2) or (3), the defendant shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted." (§ 1210.1, subd. (e)(1), italics added.)

Paragraph (2) of section 1210.1, subdivision (e) provides "[d]ismissal of an indictment, complaint or information pursuant to paragraph (1) does not permit a person to own, possess, or have in his or her custody or control any firearm capable of being concealed upon the person or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6." (§ 1210.1, subd. (e)(2).)

And paragraph (3) of section 1210.1, subdivision (e) provides:

> "Except as provided below, after an indictment, complaint, or information is dismissed pursuant to paragraph (1), the defendant may indicate in response to any question concerning his or her prior criminal record that he or she was not arrested or convicted for the offense. Except as provided below, a record pertaining to an arrest or conviction resulting in successful completion of a drug treatment program under this section may not, without the defendant's consent, be used in any way that could result in the denial of any employment, benefit, license, or certificate. [¶] Regardless of his or her successful completion of drug treatment, the arrest and conviction on which the probation was based may be recorded by the Department of

4.

Justice and disclosed in response to any peace officer application request or any law enforcement inquiry.  Dismissal of an information, complaint, or indictment under this section does not relieve a defendant of the obligation to disclose the arrest and conviction in response to any direct question contained in any questionnaire or application for public office, for a position as a peace officer as defined in Section 830, for licensure by any state or local agency, for contracting with the California State Lottery, or for purposes of serving on a jury."  (§ 1210.1, subd. (e)(3).)

**B.** **Section 851.91**

Section 851.91, enacted by the Legislature through Senate Bill No. 393 (2017–2018 Reg. Sess.) (Senate Bill 393) and effective as of January 1, 2018, provides for the sealing of arrest records in certain situations when the arrest did not result in a conviction. It provides in pertinent part:

> "(a) A person who has suffered an arrest that did not result in a conviction may petition the court to have his or her arrest and related records sealed, as described in Section 851.92.

> "(1) For purposes of this section, an arrest did not result in a conviction if any of the following are true:  [¶] … [¶]

> "(B) The prosecuting attorney filed an accusatory pleading based on the arrest, but, with respect to all charges, one or more of the following has occurred:

> "(i) No conviction occurred, the charge has been dismissed, and the charge may not be refiled.

> "(ii) No conviction occurred and the arrestee has been acquitted of the charges.

> "(iii) A conviction occurred, but has been vacated or reversed on appeal, all appellate remedies have been exhausted, and the charge may not be refiled.  [¶] … [¶]

> "(e) If the court grants a petition pursuant to this section, the court shall do all of the following:  [¶] … [¶]

> "(2)(A) Issue a written ruling and order to the petitioner, the prosecuting attorney, and to the law enforcement agency that made the arrest that states all of the following:

5.

"(B) The record of arrest has been sealed as to petitioner, the arrest is deemed not to have occurred, the petitioner may answer any question relating to the sealed arrest accordingly, and the petitioner is released from all penalties and disabilities resulting from the arrest, except as provided in Section 851.92 and as follows:

"(i) The sealed arrest may be pleaded and proved in any subsequent prosecution of the petitioner for any other offense, and shall have the same effect as if it had not been sealed.

"(ii) The sealing of an arrest pursuant to this section does not relieve the petitioner of the obligation to disclose the arrest, if otherwise required by law, in response to any direct question contained in a questionnaire or application for public office, for employment as a peace officer, for licensure by any state or local agency, or for contracting with the California State Lottery Commission.

"(iii) The sealing of an arrest pursuant to this section does not affect petitioner's authorization to own, possess, or have in his or her custody or control any firearm, or his or her susceptibility to conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6, if the arrest would otherwise affect this authorization or susceptibility.

"(iv) The sealing of an arrest pursuant to this section does not affect any prohibition from holding public office that would otherwise apply under law as a result of the arrest."

Notably, Senate Bill 393, which enacted section 851.91, also amended the language in sections 1000.4 and 1001.9 to provide for the sealing of arrest records after a defendant successfully completes a diversion program pursuant to those chapters. (See Senate Bill 393, §§ 5–6.) As amended, section 1000.4 states in relevant part: "Upon successful completion of a pretrial diversion program, the arrest upon which the defendant was diverted shall be deemed to have never occurred *and the court may issue an order to seal the records pertaining to the arrest as described in Section 851.92.*" (§ 1000.4, subd. (a) [italicized language added by Sen. Bill 393].) As amended, section 1001.9 states in relevant part: "Upon successful completion of a diversion program, the arrest upon which the diversion was based shall be deemed to have never occurred *and the court may issue an order to seal the records pertaining to the arrest as described in Section 851.92.*" (§ 1001.9, subd. (a) [italicized language added by Sen. Bill 393].)

6.

However, Senate Bill 393 did not modify the language of section 1210.1 or otherwise address this provision.

## III.  Analysis

Defendant contends the court erred in concluding he is ineligible for relief under section 851.91.  He contends his conviction is "deemed never to have occurred" pursuant to section 1210.1, subdivision (e)(1) since he successfully completed probation and drug treatment.  Accordingly, he argues he meets section 851.91, subdivision (a)(1)(B)(i)'s requirement that "[n]o conviction occurred, the charge has been dismissed, and the charge may not be refiled."  In support, he contends when the Legislature enacted section 851.91, it was aware of and did not amend the language in section 1210.1 providing "both the arrest and the conviction shall be deemed never to have occurred."  The People respond that the court properly denied the petition because section 851.91 only applies to arrestees who were never convicted; but here, defendant was validly convicted.  They further contend section 851.91 cannot apply to section 1210.1, which was enacted by initiative (Prop. 36), because only the electorate can amend an initiative unless the initiative provides for legislative amendment.  They note, "Proposition 36 only allows legislative amendment if the amendment 'furthers' Proposition 36 and is consistent with Proposition 36's purposes" and, they argue, section 851.91 "misses the mark."  They assert a defendant who benefits from Proposition 36 must still reveal the arrest and conviction in connection with seeking public positions, public licenses, state lottery contracts, and when they are called for jury duty.  Whereas section 851.91 does not require persons who seal their arrest records under its provisions to disclose their prior arrest when they are questioned as a prospective juror; so, section 851.91 "does violence to the specific language of Proposition 36."  Finally, they assert the Legislature did not intend for section 851.91 to repeal section 1210.1 by implication.  We agree with the People; in light of defendant's no contest plea, we cannot conclude "no conviction

occurred" such that defendant should be entitled to relief under section 851.91, subdivision (a)(1)(B)(i).

Contrary to defendant's argument, his arrest did result in a conviction in light of his no contest plea. A plea of guilty or no contest amounts to an admission of every element of the crime and is the equivalent of a conviction. (See *People v. Wallace* (2004) 33 Cal.4th 738, 749; *People v. Mendez* (1999) 19 Cal.4th 1084, 1094–1095; *People v. Jones* (1995) 10 Cal.4th 1102, 1109, disapproved on other grounds in *In re Chavez* (2003) 30 Cal.4th 643, 656; *People v. Borland* (1996) 50 Cal.App.4th 124, 128.)

Though that conviction was later set aside and "deemed never to have occurred" pursuant to section 1210.1, subdivision (e)(1), it still exists for some purposes. (See § 1210.1, subds. (e)(2)–(3); *People v. Zeigler* (2012) 211 Cal.App.4th 638, 657 ["a Proposition 36 dismissal is not a dismissal for all purposes"]; *People v. Delong* (2002) 101 Cal.App.4th 482, 490 ["a conviction for a nonviolent drug possession offense is 'deemed not to have occurred' for some purposes *but not others*, and a defendant is released from some *but not all* disabilities resulting from the conviction"]; see also *People v. E.B.* (2020) 51 Cal.App.5th 47, 57, petn. for review pending, petn. filed Aug. 3, 2020 [holding trial court's acts of setting aside conviction and ordering a not guilty plea to be entered after defendant successfully completes probation "does not 'obliterate the fact'" of the conviction as necessary to conclude the conviction was vacated as § 891.51 requires].) Indeed, dismissal of the indictment, complaint or information does not permit a defendant to "own, possess, or have in his … custody or control any firearm capable of being concealed upon the person or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6." (§ 1210.1, subd. (e)(2).) Also, "the arrest and conviction on which the probation was based may be recorded by the Department of Justice and disclosed in response to any peace officer application request or any law enforcement inquiry." (§ 1210.1, subd. (e)(3).) And a defendant must still "disclose the arrest and conviction in response to any direct question

contained in any questionnaire or application for public office, for a position as a peace officer as defined in Section 830, for licensure by any state or local agency, for contracting with the California State Lottery, or for purposes of serving on a jury." (*Ibid*.)

While defendant's arrest and conviction are deemed never to have occurred for most purposes, we cannot conclude this is the equivalent of a defendant who was arrested but never convicted. Rather, because defendant's arrest and conviction still exist for some purposes, he is in a markedly different position from someone who was never convicted at all. Accordingly, we cannot conclude he falls within the purview of section 851.91, subdivision (a)(1)(B)(i). Thus, we affirm the trial court's order concluding defendant is ineligible for relief under that section.[2] (See *People v. Mazumder* (2019) 34

---

[2] Notably, our sister court recently considered and rejected an alternative basis for relief which defendant does not raise here. In *People v. E.B.*, the defendant argued the trial court's acts of setting aside a conviction and ordering a not guilty plea to be entered after he successfully completed probation amounted to a "vacation" of the conviction. (*People v. E.B.*, *supra*, 51 Cal.App.5th at p. 55.) In that case, the defendant pleaded guilty to oral copulation with a minor (former § 288a, subd. (b)(1)) and successfully completed probation. (*People v. E.B.*, *supra*, at p. 52.) The trial court permitted the defendant to withdraw his guilty plea and dismissed the complaint under section 1203.4. (*E.B.*, at p. 52.) It later granted the defendant's request to reduce the offense to a misdemeanor. (*Ibid*.) Seven years later, the defendant filed a petition to seal his arrest records under section 851.91 and the court denied the petition, concluding section 851.91 did not entitle the defendant to relief. (*E.B.*, at p. 52.)

The Court of Appeal affirmed the denial of the petition and concluded, in relevant part, that the trial court's acts did not "obliterate the fact" of the conviction as would be necessary to conclude the conviction was vacated as section 891.51 requires. (*People v. E.B.*, *supra*, 51 Cal.App.5th at pp. 57–58.) Rather, like section 1210.1 at issue here, section 1203.4 requires the disclosure of the conviction in certain instances, and the dismissal does not permit a defendant to own, possess, or have in his custody or control a firearm. (*E.B.*, *supra*, at p. 54; § 1203.4, subd. (a)(1)–(2).) Thus, the court held, in contrast to a true vacation of a conviction, "section 1203.4 makes clear that a dismissed conviction still *exists* for purposes of imposing collateral consequences for that conviction. In short, the plain language and effect of the relief provided by section 1203.4 is not the equivalent of vacation of a conviction." (*E.B.*, at pp. 57–58.) The *E.B.* court also rejected the argument that precluding the defendant from sealing his arrest records resulted in a new "penalty and disability" contrary to section 1203.4, subdivision (a)(1)'s provision that releases a defendant "'from all penalties and disabilities resulting from the offense of which he or she has been convicted.'" (*E.B.*, at p. 58.) Relying upon *People v. Sharman* (1971) 17 Cal.App.3d 550, the *E.B.* court held the public's access to records is not a penalty or disability; rather, "'[a]ny claimed penalty or disability … arises from [the] use of the information

9.

Cal.App.5th 732, 737 [dismissal after defendant successfully completes probation does not entitle defendant to seal and destroy arrest records or finding of factual innocence pursuant to § 851.8, subd. (c) because a "conviction has occurred" as a result of guilty plea]; see generally *People v. E.B.*, *supra*, 51 Cal.App.5th at pp. 58–59 [§ 1203.4 frees former probationer from further "penalties and disabilities" resulting from conviction but it does not vacate or void conviction such that defendant may have his arrest records sealed pursuant to § 851.91]; *People v. Sharman*, *supra*, 17 Cal.App.3d at p. 552 [preclusion from record sealing is not a "penalty or disability" and § 1203.4 does not create affirmative right to have arrest records sealed].)

We reject defendant's sole contention.

## DISPOSITION

The court's order denying defendant's petition to seal his arrest records is affirmed.

PEÑA, J.

WE CONCUR:


HILL, P.J.


DETJEN, J.

---

to the disadvantage of the offender'" and is imposed by the person possessing and using the information, not by the state. (*E.B.*, at p. 59.) Accordingly, "in releasing an offender from 'penalties and disabilities,' section 1203.4 does not create any affirmative right to have arrest records sealed." (*Ibid*.) Because defendant does not raise this argument here, we do not address it.