[Civ. No. 27887.   Second Dist., Div. Three.   Mar. 29, 1966.]

THELMA COPELAND et al., Plaintiffs and Appellants, v. DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL, Defendant and Respondent.

Murray M. Chotiner for Plaintiffs and Appellants.

Thomas C. Lynch, Attorney General, and Lynn Henry Johnson, Deputy Attorney General, for Defendant and Respondent.

FORD, J.—This is an appeal from a judgment denying a peremptory writ of mandate in a proceeding brought to review the order of the respondent Department of Alcoholic Beverage Control that the on-sale beer license of the petitioners be revoked[1] because of the conviction on or about March 10, 1961, of the petitioner Copeland of three counts of violation of section 476a of the Penal Code.[2] The action of the respondent was taken pursuant to the provision of section 24200, subdivision (d), of the Business and Professions Code whereunder a ground constituting a basis for the suspension or revocation of such a license is the "plea, verdict, or judgment of guilty to any public offense involving moral turpitude."

The petitioners make two contentions. One is that the offenses of which the petitioner Copeland was convicted did not inherently and necessarily involve moral turpitude and, consequently, the order cannot stand because the respondent did not consider the circumstances of the offenses and thereupon make a determination as to whether moral turpitude was involved. The second contention is that, in any event, there

---

[1]The order of revocation was stayed upon condition that within a designated period of time the petitioner Copeland divest herself of all interest in the licensed premises and refrain from any participation in the business.

[2]Section 476a is in part as follows:

"(a) Any person who . . . willfully, with intent to defraud, makes or draws or utters or delivers any check . . . upon any bank . . . for the payment of money, knowing at the time of such making, drawing, uttering or delivering that the maker . . . has not sufficient funds in, or credit with said bank . . . for the payment of such check . . . and all other checks . . . upon such funds then outstanding, in full upon its presentation, although no express representation is made with reference thereto, is punishable by imprisonment in the county jail for not more than one year, or in the state prison for not more than 14 years.''

was no basis for the order because, prior to the hearing of the accusation against the petitioners, as to each charge the petitioner Copeland was released from "all penalties and disabilities resulting from the offense or crime" of which she was convicted pursuant to the provisions of section 1203.4 of the Penal Code.[3]

The petitioners' position is untenable. ▉ One essential element of the crime of which the petitioner Copeland was convicted is the intent to defraud. (*People* v. *Rush,* 172 Cal. App.2d 431, 434-435 [341 P.2d 788].) Consequently, that crime is a public offense involving moral turpitude. (*In re Hallinan,* 43 Cal.2d 243, 247 [272 P.2d 768]; *Burr* v. *Immigration & Naturalization Service* (9th Cir. 1965) 350 F.2d 87, 91-92.)

▉ As used in section 1203.4 of the Penal Code the words "penalties and disabilities" have reference to criminal penalties and disabilities or to matters of a kindred nature. ▉ But the disciplining of licensees such as the petitioners herein is for the protection of the public in the exercise of the police power and not for the purpose of punishing any licensee. (See *Kelly* v. *Municipal Court,* 160 Cal.App.2d 38, 44 [324 P.2d 990]; *Epstein* v. *California Horse Racing Board,* 222 Cal.App.2d 831, 840 [35 Cal.Rptr. 642].) ▉ It is settled that proceedings to suspend or revoke business or professional licenses are not included among the penalties and disabilities that are released by a dismissal pursuant to section 1203.4. (*Meyer* v. *Board of Medical Examiners,* 34 Cal.2d 62, 66-67 [206 P.2d 1085]; *Fountain* v. *State Board of Education,* 157 Cal.App.2d 463, 469 [320 P.2d 899].) ▉ The fact that, unlike the situation with respect to certain other regulatory statutes subjecting various licensees to disciplinary action because of conviction of designated offenses, there is no express statutory provision that section 1203.4 is not applicable to proceedings under subdivision (d) of section 24200 of the

---

[3]Section 1203.4 of the Penal Code is in part as follows:

"Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof, shall at any time thereafter be permitted by the court to withdraw his plea of guilty and enter a plea of not guilty; or if he has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and in either case the court shall thereupon dismiss the accusations or information against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted."

Business and Professions Code does not aid the petitioner because such statutory enactments merely constituted the codification of the governing law as to the effect of section 1203.4 as theretofore determined. (See *Kelly* v. *Municipal Court*, *supra*, 160 Cal.App.2d 38, 42-44; *People* v. *Taylor*, 178 Cal. App.2d 472, 475-476 [3 Cal.Rptr. 186].)

The judgment is affirmed.

Shinn, P. J., and Kaus, J., concurred.