

# The Attorney General of Texas

March 17, 1980

MARK WHITE
Attorney General

upreme Court Building
.O. Box 12548
ustin, TX. 78711
12/475-2501

)1 Commerce, Suite 200
allas, TX. 75202
14/742-8944

324 Alberta Ave., Suite 160
I Paso, TX. 79905
15/533-3484

?3 Main, Suite 610
ouston, TX. 77002
13/228-0701

)6 Broadway, Suite 312
.bbock, TX. 79401
16/747-5238

13 N. Tenth, Suite F
:Allen, TX. 78501
2/682-4547

O Main Plaza, Suite 400
in Antonio, TX. 78205
2/225-4191

) Equal Opportunity/
firmative Action Employer

Honorable Ben Z. Grant, Chairman
House Judiciary Committee
State Capitol
Austin, Texas

Opinion No. MW-148

Re: Whether a person who has successfully completed felony probation is eligible to be a peace officer.

Dear Representative Grant:

You have requested our opinion regarding whether a person who has successfully completed felony probation is eligible to be a peace officer. Section 8a of article 4413(29aa), V.T.C.S., provides:

> (a) No person who has been convicted of a felony under the laws of this state, another state, or the United States may be certified by the Commission [on Law Enforcement Officer Standards and Education] as qualified to be a peace officer. . . .

> (b) Final conviction of a felony under the laws of this state, another state, or the United States disqualifies a person previously certified by the Commission as qualified to be a peace officer, . . . and the Commission shall immediately revoke the certification of a person so convicted.

Section 7 of article 42.12, Texas Code of Criminal Procedure provides:

> . . . In case the defendant has been convicted or has entered a plea of guilty or a plea of nolo contendere, and the court has discharged the defendant hereunder, such court may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty, except that proof of his said

> conviction or plea of guilty shall be made known to the court should
> the defendant again be convicted of any criminal offense.

(Emphasis added).  You ask whether a person's release "from all penalties and disabilities" is effective to prevent the commission from revoking his certification as a peace officer. See State Bar v. Van Slyke, 557 S.W.2d 363 (Tex. Civ. App. — Austin 1977, no writ).

Section 7 provides that, where the verdict against a convicted defendant has been set aside by the court, or his plea of guilty has been withdrawn, he is thereafter released from all penalties and disabilities which attach to the conviction, except that proof of conviction shall be made known to any court in which the defendant is subsequently convicted.  In Attorney General Opinion M-640 (1970), this office held that section 7 restores the civil rights of the convicted individual, and renders him thereby eligible to vote and to serve on juries.  Likewise, restoration of citizenship rights enables him to hold office.  Attorney General Opinion M-1184 (1972).

But section 7 makes clear that its effect is merely to restore the civil rights of a convicted defendant, rather than to remove all evidence of the conviction.  Since the "right of ... a defendant to state to [a] prospective employer that he has never been convicted" is not a " 'penalty' or 'disability' which was released by the statute," such a person may not truthfully deny his conviction in an application for employment.  Attorney General Opinion M-640 (1970).  Similarly, we do not believe that a convicted defendant's release from all penalties and disabilities under section 7 means that he no longer has a "final conviction."  Final conviction of a felony automatically results in the disqualification of a person previously certified, and requires the commission to "immediately revoke the certification of a person so convicted."  See Cooper v. Texas Board of Medical Examiners, 489 S.W.2d 129, 132 (Tex. Civ. App. — El Paso 1973, writ ref'd n.r.e.).

Although Texas courts have not construed the term "penalties and disabilities," the courts of California have interpreted it on numerous occasions.  In Meyer v. Board of Medical Examiners, 206 P.2d 1085 (Cal. 1949), the California Supreme Court construed section 1203.4 of the state penal code, which provided that in certain instances where a verdict is set aside and the court dismisses the indictment, a defendant "shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted."  The court, quoting from its earlier decision in In re Phillips, 109 P.2d 344 (Cal. 1941), which involved the disbarment of an attorney, stated:

> The power of the court to reward a convicted defendant who satisfactorily completes his period of probation by setting aside the verdict and dismissing the action operates to mitigate his punishment by restoring certain rights and removing certain disabilities.  But it cannot be assumed that the legislature intended that such action by the trial court under section 1203.4 should be considered as obliterating the fact that the defendant had been finally adjudged guilty of a crime.  This is made clear by the provision that the fact of the defendant's conviction can be used

against him in any later prosecution, despite dismissal of the action under section 1203.4. In brief, action in mitigation of the defendant's punishment should not affect the fact that his guilt has been finally determined according to law. Such a final determination of guilt is the basis for the order of disbarment in this case. That final judgment of conviction is a fact; and its effect cannot be nullified for the purpose here involved, either by the order of probation or by the later order dismissing the action after judgment.

206 P.2d, at 1087.

Likewise, in Copeland v. Department of Alcoholic Beverage Control, 50 Cal. Rptr. 452 (Cal. Dist. Ct. App. 1966), the court said that

... the disciplining of licensees ... is for the protection of the public in the exercise of the police power and not for the purpose of punishing any licensees .... It is settled that proceedings to suspend or revoke business or professional licenses are not included among the penalties and disabilities that are released by a dismissal pursuant to section 1203.4.

50 Cal. Rptr., at 453. Thus, it is our opinion that an individual's release "from all penalties and disabilities" under section 7 of article 42.12, Code of Criminal Procedure, is not effective to prevent the Commission on Law Enforcement Officer Standards and Education from revoking his certification as a peace officer.

## S U M M A R Y

An individual's release from "all penalties and disabilities" under section 7 of article 42.12, Texas Code of Criminal Procedure, is not effective to prohibit the Commission on Law Enforcement Officer Standards and Education from revoking his certification as a peace officer.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Gerald Carruth
Susan Garrison
Rick Gilpin
Bruce Youngblood