[No. C009467. Third Dist. Oct. 29, 1991.]

GARY ADAMS, Plaintiff and Appellant, v.
COUNTY OF SACRAMENTO et al., Defendants and Respondents.

## Counsel

Mastagni, Holstedt & Chiurazzi and Kevin W. Harris for Plaintiff and Appellant.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Richard D. Martland, Chief Assistant Attorney General, N. Eugene Hill, Assistant Attorney General, Cathy A. Neff and Vincent J. Scally, Jr., Deputy Attorneys General, L. B. Elam, County Counsel, and Anthony L. Wright, Deputy County Counsel, for Defendants and Respondents.

## Opinion

**PUGLIA, P. J.**—Gary Adams (plaintiff) appeals from the judgment of the superior court denying his request for declaratory relief concerning his removal from the position of deputy sheriff. A deputy sheriff is a peace officer. (Pen. Code, § 830.1.) Anyone convicted of a felony in this or any other state is barred from employment as a peace officer (Gov. Code, § 1029; hereafter § 1029). After serving seven years as a deputy sheriff, plaintiff's employment status was reevaluated in light of a felony conviction he had suffered in the state of Kansas in 1959, and he was reassigned to a nonpeace officer position in the sheriff's department. On appeal plaintiff's principal contentions are that (1) section 1029 is not a bar to his employment as a peace officer because the Kansas conviction has been expunged and set aside and in any event would not have been a felony in California, and (2) defendants are estopped to deny him employment as a peace officer because

of their representations that expungement of the conviction would remove any bar to such employment. We shall affirm.

Plaintiff filed this declaratory relief action against the County of Sacramento (County), the Sacramento County Sheriff's Department (Sheriff), and the Commission on Peace Officer Standards and Training (COPOST) (collectively defendants) to obtain reinstatement as a deputy sheriff. The matter was submitted at trial on the following stipulated facts: "On October 9, 1959, Plaintiff in the State of Kansas, plead[ed] guilty to the crime of burglary and larceny, a felony. He was placed on probation . . . and on November 10, 1961, was discharged by the Court, having successfully fulfilled the terms of his probation. . . . On November 16, 1981, Plaintiff . . . filed a Petition for Expungement of his conviction in the District Court of Kingman County, State of Kansas. On December 1, 1981, the Court granted the Petition and signed an Order of Expungement. On July 2, 1982, Plaintiff . . . filed a Motion to Set Aside Conviction and Withdraw Guilty Plea with the District Court of Kingman County, State of Kansas. On that same date, the court granted the Petition and ordered the conviction of Plaintiff 'set aside' and the Plaintiff's guilty plea was withdrawn. . . . In the Fall of 1981, Plaintiff entered the Sheriff Basic Recruit Academy with the intent of becoming a Peace Officer with [County]. While Plaintiff was at the Academy he informed [Sheriff] of the aforementioned conviction in Kansas. [Sheriff] asked him to leave the Academy three weeks prior to graduation to get an expungement of the conviction. [Sheriff] informed Plaintiff if he got the expungement he could return to the Academy and become employed by [County] as a Deputy Sheriff. At that time Plaintiff and [County] thought that the Order of Expungement concerning Plaintiff's felony conviction in Kansas would allow him to become a peace officer in California. On April 27, 1982, Plaintiff was dropped from the Academy after [County] determined that the Order of Expungement was not sufficient to permit Plaintiff to be a California Peace Officer. Thereafter, Plaintiff obtained the order setting aside conviction and withdrawal of guilty plea, previously referred to. Plaintiff was allowed to re-enter the Recruit Academy. On November 11, 1982, Plaintiff was hired by [County] as a 'Deputy Sheriff on-call' and until April, 1989, worked in that position. On April 9, 1989, Plaintiff was hired by [County] as a 'Deputy Sheriff permanent part-time.'

"Shortly thereafter [Sheriff] became convinced that, notwithstanding the order setting aside the conviction of Plaintiff by the Kansas Court, Plaintiff was still not legally allowed to be a peace officer in California because of the earlier felony conviction. [Sheriff] placed the Plaintiff in a 'non-sworn' position in his department, that of a Sheriff's Records Officer I. . . .

"The non-sworn position was at a lesser salary than Plaintiff was paid as a Deputy Sheriff Permanent Part-Time. The non-sworn position does not have the same promotional opportunities as Deputy Sheriff Permanent Part-Time position. . . . The non-sworn position has significantly less opportunities for overtime as a Deputy Sheriff part time position."

The trial court concluded section 1029 barred plaintiff from employment as a peace officer despite expungement and setting aside of the Kansas conviction. The court further held defendants were not estopped to deny such employment because the policy underlying section 1029 outweighs any prejudice to plaintiff.

## I

Section 1029, subdivision (a) reads in relevant part: "Except as provided in subdivision (b), (c), or (d), each of the following persons is disqualified from holding office as a peace officer or being employed as a peace officer of the state, county, city, city and county or other political subdivision, whether with or without compensation, and is disqualified from any office or employment by the state, county, city, city and county or other political subdivision, whether with or without compensation, which confers upon the holder or employee the powers and duties of a peace officer: [¶] (1) Any person who has been convicted of a felony in this state or any other state. . . ."

Plaintiff contends section 1029 is inapplicable because his Kansas conviction has been rendered "null and void" by virtue of orders of the Kansas court expunging the conviction and setting it aside. The later order reads in relevant part: ". . . the conviction entered against the defendant . . . is hereby set aside and rendered null and void and the sentence imposed upon the defendant is also set aside and rendered null and void; . . . [¶] . . . the charge set forth and the information . . . is hereby dismissed with predjudice [*sic*]."

In California, expungement of a conviction is governed by Penal Code section 1203.4. When a court orders a conviction set aside under that section, the defendant shall "be released from all penalties and disabilities resulting from the offense of which he or she has been convicted . . . ." However, expungement under Penal Code section 1203.4 does not eradicate a conviction or purge a defendant of the guilt established thereby. (*Meyer* v. *Board of Medical Examiners* (1949) 34 Cal.2d 62, 65 [206 P.2d 1085].) That section was never intended to obliterate *the fact* that defendant has been "finally adjudged guilty of a crime." *In re Phillips* (1941) 17 Cal.2d 55, 61 [109 P.2d 344, 132 A.L.R. 644].) It merely frees the convicted felon from

certain "penalties and disabilities" of a criminal or like nature. (*Copeland* v. *Dept. of Alcoholic Bev. Control* (1966) 241 Cal.App.2d 186, 188 [50 Cal.Rptr. 452]; *Kelly* v. *Municipal Court* (1958) 160 Cal.App.2d 38, 41-46 [324 P.2d 990].)

Thus, an expunged conviction may be proved as a prior conviction to enhance punishment or as an element in a prosecution for possession of a concealable firearm by a convicted felon. (*People* v. *Wiedersperg* (1975) 44 Cal.App.3d 550, 553 [118 Cal.Rptr. 755].) An expunged conviction may be established as a basis for suspending a physician's license (*Meyer* v. *Board of Medical Examiners, supra,* 34 Cal.2d 62) or disbarring an attorney (*In re Phillips, supra,* 17 Cal.2d 55). An expunged conviction for failure to provide necessities to a child (Pen. Code, § 270) is conclusive on the issue of parentage in a subsequent prosecution for the same offense. (*People* v. *Majado* (1937) 22 Cal.App.2d 323 [70 P.2d 1015]).

 Plaintiff asserts expungement under Kansas law has a more expansive effect than that of Penal Code section 1203.4. Plaintiff contends a conviction expunged in Kansas "no longer exists on the books," is no longer "required to be reported to any public agency," and, pursuant to "Kansas Act 21-4204," does not bar the convicted person from carrying a firearm in that state. According to plaintiff, the effect of expungement in Kansas is as if the conviction had never occurred.

Except for Kansas Statutes Annotated section 21-4204, plaintiff cites no authority for these contentions. Section 21-4204 merely defines the offense of unlawful possession of a firearm to include possession of "a firearm with a barrel less than twelve (12) inches long by a person who, within five (5) years preceding such violation has been convicted of a felony . . . ." Section 21-4204 does not specify whether this includes convictions which have been expunged or set aside.

However, other provisions of the Kansas statutes expressly recognize the disqualifying effect of an expunged conviction on employment as a peace officer. Kansas Statutes Annotated section 74-5607a requires all persons appointed as full-time police or law enforcement officers to complete a training course. Kansas Statutes Annotated section 74-5605 renders ineligible for such a training course anyone convicted of a felony, including felonies which have been expunged.[1]

---

[1]COPOST requests that we judicially notice this Kansas authority pursuant to Evidence Code sections 452, subdivision (a) and 459, subdivision (a). The request is granted.

Kansas Statutes Annotated section 74-5607a, subdivision (a) provides: "No person shall receive a permanent appointment as a full-time police officer or law enforcement officer, unless such officer has been awarded a certificate attesting to satisfactory completion of a

Yet the relevant inquiry is not whether plaintiff could serve as a peace officer in Kansas but whether section 1029 applies to a felony conviction which has been expunged or set aside. This is a question of legislative intent to resolve which we first look to the language of the statute. (*Brown* v. *Kelly Broadcasting Co.* (1989) 48 Cal.3d 711, 724 [257 Cal.Rptr. 708, 771 P.2d 406].) Section 1029, subdivision (a) simply bars from employment as a peace officer any person "convicted of a felony." There is no mention in subdivision (a) of felony convictions which have been expunged or set aside. However, there is an exception to subdivision (a) in subdivision (b) of section 1029 which provides: "Any person who has been convicted of a felony, other than a felony punishable by death, in this state or any other state . . . and who demonstrates the ability to assist persons in programs of rehabilitation may hold office and be employed as a parole officer of the Department of Corrections or the Department of Youth Authority, or as a probation officer in a county probation department, if he or she has been granted a full and unconditional pardon for the felony or offense of which he or she was convicted. . . ."

---

course of not less than 320 hours of accredited instruction at the training center or at a certified state or local law enforcement training school or has been awarded such a certificate for not less than the number of hours of instruction required by the Kansas law enforcement training act at the time such certificate was issued or received a permanent appointment as a full-time police officer or law enforcement officer prior to July 1, 1969, or was appointed a railroad policeman pursuant to K.S.A. 66-524 on or before January 1, 1982. No person shall receive a permanent appointment as a part-time police officer or law enforcement officer, unless such officer has been awarded a certificate attesting to the satisfactory completion of the basic course of 80 hours of accredited instruction in law enforcement at the training center or at a certified state or local law enforcement training school."

Kansas Statutes Annotated section 74-5605 provides: "Every applicant for admission to a course for police officers or law enforcement officers conducted by the training center shall be an employee of a state, county or city law enforcement agency, a railroad policeman appointed pursuant to K.S.A. 66-524, and amendments thereto, or a school security officer designated as a school law enforcement officer pursuant to K.S.A. 72-8222, and amendments thereto. Prior to admission to a course conducted at the training center or at a certified state or local law enforcement agency, the applicant shall furnish to the associate director a statement from the applicant's appointing authority or agency head certifying the applicant's fulfillment of the following requirements. The applicant:

"(a) Is a United States citizen;

"(b) has been fingerprinted and a search of local, state and national fingerprint files has been made to determine whether the applicant has a criminal record;

"(c) has not been convicted, and *does not have an expunged conviction,* by any state or the federal government of a crime which is a felony or its equivalent under the uniform code of military justice;

"(d) is the holder of a high-school diploma or furnishes evidence of successful completion of an examination indicating an equivalent achievement;

"(e) is of good moral character;

"(f) has completed a psychological test approved by the commission; and

"(g) is free of any physical or mental condition which might adversely affect the applicant's performance of a police officer's or law enforcement officer's duties." (Italics added.)

■ It is a familiar maxim of construction that where a statute provides a specific exception to a general rule, other exceptions are necessarily excluded. (*Mutual Life Ins. Co.* v. *City of Los Angeles* (1990) 50 Cal.3d 402, 410 [267 Cal.Rptr. 589, 787 P.2d 996]; *Jackson* v. *Stockdale* (1989) 215 Cal.App.3d 1503, 1512 [264 Cal.Rptr. 525].) Had the Legislature intended an exception similar to that of section 1029, subdivision (b) to apply to peace officers generally as distinct from a limited category of peace officer (see Pen. Code, § 830.5), or to convictions which have been expunged or set aside as distinct from those remitted by full and unconditional pardon, it could have so provided. That it did not demonstrates a contrary intent.

■ A line of appellate decisions, beginning before enactment of section 1029, has consistently upheld denial of a license or the right to pursue a particular profession on the basis of an expunged conviction. *In re Phillips, supra,* 17 Cal.2d 55 involved the disbarment of an attorney based on a felony conviction which was later expunged pursuant to Penal Code section 1203.4. The Supreme Court rejected the attorney's claim expungement eliminated the conviction as a ground for disbarment. According to the court, "final judgment of conviction is a fact; and its effect cannot be nullified . . . either by the order of probation or by the later order dismissing the action after judgment." (*Id.* at p. 61.)

In *Meyer* v. *Board of Medical Examiners, supra,* 34 Cal.2d 62, the Board of Medical Examiners had suspended the license of a physician for unprofessional conduct because of a felony conviction later expunged. At the time, Business and Professions Code section 2383 defined unprofessional conduct as including " 'conviction . . . of any offense involving moral turpitude. . . .' " (*Id.* at p. 64.) Following the reasoning of *Phillips,* the Supreme Court upheld the suspension, concluding discipline by the board is not the type of "penalty" or "disability" released by Penal Code section 1203.4. (*Id.* at p. 67.)

In *Copeland* v. *Dept. of Alcoholic Bev. Control, supra,* 241 Cal.App.2d 186, the petitioners challenged revocation of their license to sell alcoholic beverages based on a felony conviction later set aside. The revocation had been pursuant to Business and Professions Code section 24200, subdivision (d) which provided as a ground any " 'plea, verdict, or judgment of guilty to any public offense involving moral turpitude.' " (*Id.* at p. 187.) The court of appeal upheld the revocation, reasoning: "As used in section 1203.4 of the Penal Code the words 'penalties and disabilities' have reference to criminal penalties and disabilities or to matters of a kindred nature. But the disciplining of licensees such as the petitioners herein is for the protection of the public in the exercise of the police power and not for the purpose of punishing any licensee. It is settled that proceedings to suspend or revoke

business or professional licenses are not included among the penalties and disabilities that are released by a dismissal pursuant to section 1203.4." (*Id.* at p. 188, citations omitted.)

Finally, in *Ready* v. *Grady* (1966) 243 Cal.App.2d 113 [52 Cal.Rptr. 303], an insurance agent's license was revoked because of an expunged felony conviction. Relying on the foregoing decisions, the Court of Appeal upheld the revocation indicating "[i]t is now well settled that the suspension or revocation of a license to practice a profession is not a penalty or disability within the purview of section 1203.4 of the Penal Code." (*Supra*, at p. 116.) The purpose of such revocation "is not the punishment of the licensee, but rather the protection of the public." (*Ibid.*)

As these cases demonstrate, preclusion from certain types of employment is not the kind of penalty or disability which is eliminated by expungement. Such preclusion is intended for the protection of the public, not as further punishment of the convicted felon. The same is true of the prohibition in section 1029 against employment of convicted felons as peace officers. It is designed "to assure, insofar as possible, the good character and integrity of peace officers and to avoid any appearance to members of the public that persons holding public positions having the status of peace officers may be untrustworthy." (*Hetherington* v. *State Personnel Bd.* (1978) 82 Cal.App.3d 582, 590 [147 Cal.Rptr. 300].) Accordingly, we conclude the disability imposed upon convicted felons by section 1029, subdivision (a) is not affected by expungement or setting aside of the conviction.

## II

Plaintiff contends section 1029 is inapplicable because his Kansas conviction was for a crime not a felony in California. Plaintiff relies exclusively on his statement at sentencing in the Kansas proceeding to the effect that he was not actively involved in the burglary and did not intend to steal.[2] Because defendant pleaded guilty, proof of the offense was not

---

[2]Plaintiff cites the following colloquy at sentencing:

"THE COURT: Case No. 1249, the State of Kansas vs. Gary Adams and Norman Adams. Defendants, and each of them, in open court waive arraignment and each of them enters a plea of guilty to the public offense of burglary and larceny as charged in the Information.

"Which one are you?

"MR. NORMAN ADAMS: Norman.

"THE COURT: How old are you?

"MR. NORMAN ADAMS: Sixteen.

"THE COURT: And Gary is how old?

"MR. GARY ADAMS: Twenty-two.

"THE COURT: Either of you had any difficulty before?

"MR. GARY ADAMS: No, sir.

"THE COURT: How come you are to get into this difficulty?

required and is not contained in the record. Rather, plaintiff's guilt of the offense was finally adjudicated by his plea which constitutes an admission of every element of the offense charged—breaking into a service station at night with intent to steal. (See 4 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Proceedings Before Trial, § 2139, p. 2507.) Plaintiff cannot now contend otherwise.

Plaintiff also contends section 1029 cannot apply to the Kansas conviction because he was not adequately warned in advance of these consequences of his guilty plea. The Kansas conviction preceded *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709] and *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449]. In *Tahl* the court indicated the procedures adopted therein would be applied prospectively only to guilty pleas entered after the effective date of *Boykin* v. *Alabama*. (*In re Tahl, supra*, 1 Cal.3d at p. 135.) Plaintiff pleaded guilty to the Kansas offense in 1959. He therefore cannot rely on a lack of warnings as a basis to attack the conviction.

## III

■ Plaintiff contends defendants are estopped to deny him employment as a peace officer because they led him to believe expungement of the Kansas conviction would be sufficient to permit such employment and thereafter allowed him to work as a peace officer for more than seven years.

■ "The modern doctrine of equitable estoppel is a descendent of the ancient equity doctrine that 'if a representation be made to another who deals upon the faith of it, the former must make the representation good if he knew or was bound to know it to be false.' [Citations.]" (*Lentz* v. *McMahon* (1989) 49 Cal.3d 393, 398-399 [261 Cal.Rptr. 310, 777 P.2d 83].) Four elements are required for application of this doctrine: " '(1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury.' " (*City of Long Beach* v. *Mansell* (1970) 3 Cal.3d 462, 489 [91 Cal.Rptr. 23, 476 P.2d

"Mr. Gary Adams: I wish I could answer that. I don't know.
"The Court: When did this occur?
"Mr. Gary Adams: The 10th of August.
"The Court: Were you with others at the time?
"Mr. Gary Adams: Yes, sir.
"The Court: And you just got together and made up to commit this burglary and went from there, is that it?
"Mr. Gary Adams: Norman and I had been drinking and when this thing was done we were sick and in the car and we didn't care what anybody did."

423], quoting *Driscoll* v. *City of Los Angeles* (1967) 67 Cal.2d 297, 305 [61 Cal.Rptr. 661, 431 P.2d 245].) ■ Although equitable estoppel may be asserted against a governmental entity, it "will not be applied against the government if to do so would effectively nullify 'a strong rule of policy, adopted for the benefit of the public.' " (*Lentz* v. *McMahon, supra,* 49 Cal.3d at p. 399, quoting from *County of San Diego* v. *Cal. Water etc. Co.* (1947) 30 Cal.2d 817, 829-830 [186 P.2d 124, 175 A.L.R. 747].)

■ The trial court found all the elements necessary for equitable estoppel present but nevertheless concluded any detriment to plaintiff was outweighed by the policy underlying section 1029. As previously indicated, that policy is to assure the good character of peace officers and avoid any appearance that persons acting as peace officers may be untrustworthy. (*Hetherington* v. *State Personnel Bd., supra,* 82 Cal.App.3d at p. 590.) Plaintiff argues these policy considerations do not apply here because his conviction is unknown to the public due to the expungement and he has worked as a peace officer for more than seven years without any harm to the public.

Plaintiff misunderstands the purpose behind section 1029. It is not a concern that the public will learn a convicted felon is working as a peace officer, but an assurance to the public that this will never occur. By virtue of section 1029, no governmental entity can knowingly employ as a peace officer a convicted felon. This includes a felon whose conviction has been expunged. If an exception were permitted for plaintiff, citizens could no longer be certain peace officers with whom they come in contact were not previously convicted of a felony.

Whether estoppel is appropriate in a given case is largely a question of fact. However, the weighing of policy considerations is a question of law. (*Lentz* v. *McMahon, supra,* 49 Cal.3d at p. 403.) In our view the trial court correctly weighed the competing considerations and concluded estoppel was not appropriate.

This conclusion is further supported by the record. Normally we defer to the trial court's findings regarding the elements of equitable estoppel. However, this matter was submitted on a stipulated statement of facts. That statement contains no evidence of representations made by COPOST. As to any representations by the other defendants regarding the effect of expungement, "Plaintiff and [County] thought that the Order of Expungement concerning Plaintiff's felony conviction in Kansas would allow him to become a peace officer in California." Acts or conduct performed under a mutual mistake of law do not constitute grounds for estoppel. (*People* v. *Stuyvesant Ins. Co.* (1968) 261 Cal.App.2d 773, 784 [68 Cal. Rptr 389].) It is presumed

the party claiming estoppel had an equal opportunity to discover the law. (*Ibid.*) Plaintiff's estoppel claim was therefore properly rejected as to all defendants.

## IV

■ At oral argument plaintiff urged that denying him peace officer status violated equal protection of the law. In his opening brief, plaintiff made only passing reference to equal protection in two conclusional assertions unaccompanied by analysis or citation of authority. These references were admixed with plaintiff's argument urging the application of equitable principles to reverse the judgment. "Equal Protection" was not mentioned in the table of contents or in any of the topical headings in plaintiff's opening brief. The opening brief does not effectively tender an issue of equal protection because such mention as there is of equal protection appears under a nondescriptive topical heading (see rule 15(a), Cal. Rules of Court; *People* v. *Ladd* (1982) 129 Cal.App.3d 257, 262 [181 Cal.Rptr. 29]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 474, pp. 466-467) and is unsupported by either analysis or authority (see *Troensegaard* v. *Silvercrest Industries, Inc.* (1985) 175 Cal.App.3d 218, 228 [220 Cal.Rptr. 712]; 9 Witkin, *op. cit. supra*, § 479, pp. 469-471). For reasons which are obvious neither of the defendants addressed equal protection in their responding briefs.

In his reply brief plaintiff for the first time mentioned equal protection in a topical heading which also mentioned the issue of equitable estoppel. However, the argument from equal protection in the reply brief shares the defects which infected that argument in the opening brief, and is burdened with the additional problem that it is an issue formally raised for the first time in the reply brief (see *Neighbours* v. *Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 335 fn. 8 [265 Cal.Rptr. 788]).

Plaintiff's equal protection argument is premised on Government Code sections 19257 and 19257.5. These sections deal with employees in the state classified service who in good faith accept employment contrary to rules governing the civil service. Section 19257 entitles such persons to compensation for services rendered. Section 19257.5 is a statute of limitations which provides the State Personnel Board may void such an appointment within one year of employment.

Plaintiff's argument facilely assumes, without analysis, that peace officers employed in the state classified service by, e.g., the Highway Patrol and the State Police, are entitled to the benefits and protections of sections 19257 and 19257.5, the denial of which to him, plaintiff argues, constitutes an equal protection violation. Plaintiff completely ignores the fact that sections

19257 and 19257.5 are generally applicable to employees in the state civil service which consists of a wide range of job classifications while section 1029 applies specifically to peace officers, whether employed by the "state, county, city, city and county, or other political subdivision." Plaintiff has utterly failed to show either that there are disparate classifications among peace officers or that disqualification of felons to serve as peace officers as distinct from serving in other classes of public employment is irrational or unsupported by a compelling state interest.

## V

Finally, plaintiff contends that even if section 1029 precludes his employment as a peace officer and equitable estoppel is unavailable, the trial court abused its discretion by not exercising its equity powers to order defendants to grant him the benefits of peace officer status without actually employing him as a peace officer. Plaintiff cites no authority for granting such relief. This claim is therefore rejected. (See 9 Witkin, Cal. Procedure, *op. cit. supra*, § 479, p. 469; *Utz* v. *Aureguy* (1952) 109 Cal.App.2d 803, 807-808 [241 P.2d 639].)

The judgment is affirmed.

Marler, J., and Raye, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 30, 1992.