993 F.2d 885
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stephen Michael COHEN, Defendant-Appellant.
 No. 92-50077.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1993.*
Decided May 13, 1993.
 
 Before: KOZINSKI, SUHRHEINRICH** and T.G. NELSON, Circuit Judges.
 MEMORANDUM***
 A. Cohen's lie about the proceeds of the $150,000 loan isn't covered by 18 U.S.C. § 1001. The lie related to the bankruptcy court's adjudicative (rather than purely administrative) functions, so under United States v. Mayer, 775 F.2d 1387, 1391 (9th Cir.1985), 18 U.S.C. § 1001 is inapplicable.[1] The government is correct in saying Cohen's conduct was far from a "traditional trial tactic." But though the reason for the "adjudicative function" exception may be the desire to protect traditional trial tactics, see 775 F.2d at 1391, the touchstone under Mayer is whether the false statement was said to a court acting in its adjudicative capacity, not whether the statement was a traditional tactic. We therefore reverse Cohen's conviction on count 6.
 B. We affirm Cohen's convictions on the other counts. There's no merit in Cohen's argument that the conduct charged in counts 2 and 3 of the indictment wasn't a violation of 18 U.S.C. § 152. Cohen's theory, as best we can make out, is that because the bankruptcy had been dismissed, his conduct wasn't related to a bankruptcy case or in contemplation of a bankruptcy case. But the jury had ample evidence to conclude Cohen was expecting the case to be reopened, as it in fact was in February 1988, in large part because of conduct Cohen urged the Polvadores to undertake. VII RT 182; VIII RT 56.
 Likewise, there was ample evidence for the jury to conclude Cohen had the requisite mental state for the obstruction of justice charges. And Cohen's severance contention is foreclosed by Zafiro v. United States, 113 S.Ct. 933, 938-39 (1993).
 
 
 1
 C. We also address some of Cohen's sentencing claims which will likely arise again on resentencing.
 
 
 2
 The district court didn't clearly err in enhancing Cohen's sentence for more than minimal planning. Cohen's claim that "each instance [of his conduct] was purely opportune," Cohen Supp. Brief at 14, is purely nonsense. The district court also didn't clearly err in finding the intended loss was over $200,000. Cohen's scheme was meant to deprive the creditors of at least the $58,000 plus $175,000 by which the Encinitas property was encumbered (not even counting the $30,000). And there was no error in applying the 1989 Guidelines rather than the 1988 Guidelines to Cohen's conduct: Concealment of a bankrupt's assets is a continuing offense, which isn't considered finished until the bankruptcy is finally resolved. 18 U.S.C. § 3284. Here the bankruptcy proceeding continued into 1990, IV RT 30-31, which makes it proper to apply the 1989 Guidelines, see United States v. Castro, 972 F.2d 1107, 1112 (9th Cir.1992).
 
 
 3
 The district court, however, may have erred in enhancing Cohen's sentence for his role in the offense. If the Polvadores weren't "criminally responsible for the commission of the offense," U.S.S.G. § 3B1.1 app. note 1--as the district court seems to have found, RT 1/27/92 at 22-23, 25--then Cohen shouldn't have gotten the 2-level enhancement. United States v. Anderson, 942 F.2d 606, 613 (9th Cir.1991) (en banc).
 
 
 4
 We express no opinion on whether a conviction expunged pursuant to Cal.Penal Code § 1203.4 should be counted in the criminal history. This is a complicated question,[2] and one that may be moot if Cohen is correct in claiming his probation for that conviction wasn't revoked.[3]
 
 
 5
 AFFIRMED in part, REVERSED in part and REMANDED FOR RESENTENCING
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Richard F. Suhrheinrich, United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A claim that an indictment fails to state an offense can be raised for the first time on appeal. United States v. Calabrese, 825 F.2d 1342, 1347 (9th Cir.1987); Fed.R.Crim.P. 12(b)(2). Moreover, even if we were reviewing for plain error, we'd still be required to "correct a plain forfeited error that causes the conviction ... of an actually innocent defendant." United States v. Olano, 1993 WL 125877, * 7
 (U.S. Apr. 26, 1993).
 
 
 [2]
 It's unclear whether convictions set aside under Cal.Penal Code § 1203.4 should be counted because they were "set aside ... for reasons unrelated to innocence or errors of law," see U.S.S.G. § 4A1.2 app. note 10, or not counted because they were "expunged," U.S.S.G. § 4A1.2(j). The California courts refer to the section 1203.4 procedure as "expungement," e.g., Adams v. County of Sacramento, 235 Cal.App.3d 872, 877, 1 Cal.Rptr.2d 138, 141 (1991), and United States v. Hidalgo, 932 F.2d 805 (9th Cir.1991), which dealt with a similar California statute, held that convictions set aside under that statute were expunged and therefore shouldn't be considered. On the other hand, section 1203.4 seems to have nothing to do with underlying innocence, and in fact says that "in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect" as if the conviction weren't set aside
 
 
 [3]
 Though Cohen failed to timely raise these claims during his first sentencing, we assume he will properly raise them at resentencing