[Nos. A083166, A083631. First Dist., Div. Five. May 10, 1999.]

LAWRENCE S. KRAIN, Plaintiff and Appellant, v.
MEDICAL BOARD OF CALIFORNIA, Defendant and Respondent.

[No. A084008. First Dist., Div. Five. May 10, 1999.]

LAWRENCE S. KRAIN, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN
FRANCISCO, Respondent;
MEDICAL BOARD OF CALIFORNIA, Real Party in Interest.

[Opinion certified for partial publication.*]

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II.A., B.2, 3, 4, and 5.

COUNSEL

Christie Gaumer for Plaintiff and Appellant and for Petitioner.

Daniel E. Lungren and Bill Lockyer, Attorneys General, and Heidi R. Weisbaum, Deputy Attorney General, for Defendant and Respondent and for Real Party in Interest.

No appearance for Respondent San Francisco Superior Court.

OPINION

**JONES, P. J.**—This case concerns the revocation of the California medical license of Lawrence S. Krain, M.D. (Krain), by the Medical Board of California (the Board). Krain filed a petition for writ of mandamus in the superior court, seeking an order setting aside the Board's revocation of Krain's license. (See Code Civ. Proc., § 1094.5, subd. (a).) The superior court denied the petition. Krain then sought review in this court by petition for extraordinary writ of mandamus, in accordance with Business and Professions Code section 2337.[1] Krain also filed two notices of appeal. In the published portion of this opinion, we consider one area of Krain's petition: whether the Board properly based Krain's discipline at least in part on Krain's plea of guilty to soliciting the subornation of perjury. In the unpublished portion of this opinion, we dismiss Krain's appeals and address the remaining issues raised by Krain's petition.

I.  FACTUAL AND PROCEDURAL BACKGROUND

Under the Medical Practice Act (MPA), section 2000 et seq., the Board is authorized to take action against any physician licensed in California "who is charged with unprofessional conduct." (§§ 2234, 2224.) On August 31, 1983, pursuant to its authority under the MPA, the Board filed an accusation seeking discipline against Krain's California medical license. The Board filed a supplemental accusation in May 1984, a second supplemental accusation in April 1992, a third supplemental accusation in July 1995, and a first amended accusation in March 1996.

The administrative hearing took place over a period of eight days in July 1996. On October 23, 1996, the Board issued its decision revoking Krain's medical license. The Board based this decision on two events. The first basis

---

[1]Unless otherwise indicated, all further statutory references are to the Business and Professions Code.

was Krain's plea of guilty to soliciting the subornation of perjury in violation of Penal Code section 653f, subdivision (a). The second basis for the Board's decision was Krain's discipline in Illinois. Illinois disciplined Krain after a hearing officer found that Krain "suffered from a mental illness or disability which results in the inability to practice with reasonable skill and safety."

On December 31, 1996, Krain filed a petition for writ of mandate in the superior court challenging the Board's decision. On May 22, 1998, the superior court denied the petition and entered judgment on June 16, 1998. On June 29, 1998, Krain filed a motion for a new trial. The trial court denied the motion on August 26, 1998.

## II. DISCUSSION

### A. *Dismissal of the Appeals**

. . . . . . . . . . . . . . . . . . . . . .

### B. *The Writ Petition*

#### 1. *Krain's Plea of Guilty to the Charge of Solicitation of Subornation of Perjury*

The Board based Krain's discipline on two events. One basis for Krain's discipline was his plea of guilty to soliciting the subornation of perjury in violation of Penal Code section 653f, subdivision (a). Penal Code section 653f, subdivision (a), defines a "wobbler" offense. (See Pen. Code, § 653f, subd. (a) ["shall be punished by imprisonment in a county jail for not more than one year or in the state prison, or by a fine of not more than ten thousand dollars ($10,000), or the amount which could have been assessed for commission of the offense itself, whichever is greater, or by both the fine and imprisonment"].) Krain entered a plea of guilty to the solicitation offense as a felony. However, the superior court in that criminal proceeding, pursuant to its authority under Penal Code section 17, subdivision (b)(3), later reduced the conviction to a misdemeanor. Thereafter, the superior court permitted Krain to change his plea to not guilty, and the court dismissed the case against Krain. (See Pen. Code, § 1203.4, subd. (a).) Relying on sections 2236 and 2236.1, Krain argues that his expunged guilty plea cannot be used as a basis for discipline.

Section 2236 provides that "[t]he conviction of any offense substantially related to the qualifications, functions, or duties of a physician and surgeon

---

*See footnote, *ante*, page 1416.

constitutes unprofessional conduct within the meaning of this chapter. [¶] . . . [¶] . . . A plea or verdict of guilty or a conviction after a plea of nolo contendere is deemed to be a conviction within the meaning of this section and Section 2236.1. The record of conviction shall be conclusive evidence of the fact that the conviction occurred." (§ 2236, subds. (a) & (d).) Section 2236.1 provides in part as follows: "(d)(1) Discipline may be ordered in accordance with Section 2227 . . . when the time for appeal has elapsed, the judgment of conviction has been affirmed on appeal, or an order granting probation is made suspending the imposition of sentence, *irrespective of a subsequent order under Section 1203.4 of the Penal Code allowing the person to withdraw his or her plea of guilty and to enter a plea of not guilty, setting aside the verdict of guilty, or dismissing the accusation, complaint, information, or indictment.* [¶] (2) The issue of penalty shall be heard by an administrative law judge from the Medical Quality Hearing Panel sitting alone or with a panel of the division, in the discretion of the division. The hearing shall not be had until the judgment of conviction has become final or, *irrespective of a subsequent order under Section 1203.4 of the Penal Code, an order granting probation has been made suspending the imposition of sentence;* . . . ." (§ 2236.1, subd. (d)(1) & (2), italics added.)

█ Krain contends that even though subdivision (d) of section 2236.1 does not specifically refer to *felony* convictions, subdivision (d) is implicitly limited to felony convictions because subdivisions (a) and (b) of that statute are limited in that fashion. (§ 2236.1, subds. (a) & (b).) Subdivision (a) requires the automatic suspension of a physician's certificate when the physician is "incarcerated after conviction of a felony. . . ." and subdivision (b) provides for the suspension of the physician's license when a felony conviction is "substantially related to the qualifications, functions, or duties of a physician and surgeon . . . ." (§ 2236.1, subds. (a) & (b).)

Certainly, the express language of section 2236.1, subdivision (d), does not support Krain's argument. Subdivision (d) unlike subdivisions (a) and (b) does not refer to felony convictions. (Compare § 2236.1, subds. (a) & (b) with § 2236.1, subd. (d).) Moreover, section 2236.1, subdivision (d) refers to dismissal of "the accusation" under the authority of Penal Code section 1203.4. An accusation cannot be used to charge a felony. (Pen. Code, § 737 ["All felonies shall be prosecuted by indictment or information, except as provided in Section 859a. A proceeding pursuant to Section 3060 of the Government Code shall be prosecuted by accusation."].) Thus, the reference to "accusation" in subdivision (d) of section 2236.1 provides additional indication that subdivision (d) is not limited to felony convictions.

Moreover, Krain incorrectly suggests that in order for the Board to rely on an expunged misdemeanor conviction, section 2236 must expressly authorize discipline on that basis. Decisions of the California courts have "consistently upheld denial of a license or the right to pursue a particular profession

on the basis of an expunged conviction" and have done so without relying on statutory language expressly permitting consideration of expunged convictions. (See *Adams* v. *County of Sacramento* (1991) 235 Cal.App.3d 872, 880-881 [1 Cal.Rptr.2d 138] (*Adams*).) In *Adams,* the Third District summarized these decisions:

"*In re Phillips* [(1941)] 17 Cal.2d 55 [109 P.2d 344, 132 A.L.R. 644] involved the disbarment of an attorney based on a felony conviction which was later expunged pursuant to Penal Code section 1203.4. The Supreme Court rejected the attorney's claim [that] expungement eliminated the conviction as a ground for disbarment. According to the court, 'final judgment of conviction is a fact; and its effect cannot be nullified . . . either by the order of probation or by the later order dismissing the action after judgment.' (*Id.* at p. 61.)

"In *Meyer* v. *Board of Medical Examiners* [(1949)] 34 Cal.2d 62 [206 P.2d 1085], the Board of Medical Examiners had suspended the license of a physician for unprofessional conduct because of a felony conviction later expunged. At the time, Business and Professions Code section 2383 defined unprofessional conduct as including ' "conviction . . . of any offense involving moral turpitude. . . ." ' (*Id.* at p. 64.) Following the reasoning of *Phillips,* the Supreme Court upheld the suspension, concluding discipline by the board is not the type of 'penalty' or 'disability' released by Penal Code section 1203.4. (*Id.* at p. 67.)

"In *Copeland* v. *Dept. of Alcoholic Bev. Control* [(1966)] 241 Cal.App.2d 186 [50 Cal.Rptr. 452], the petitioners challenged revocation of their license to sell alcoholic beverages based on a felony conviction later set aside. The revocation had been pursuant to Business and Professions Code section 24200, subdivision (d) which provided as a ground any ' "plea, verdict, or judgment of guilty to any public offense involving moral turpitude." ' (*Id.* at p. 187.) The court of appeal upheld the revocation, reasoning: 'As used in section 1203.4 of the Penal Code the words "penalties and disabilities" have reference to criminal penalties and disabilities or to matters of a kindred nature. But the disciplining of licensees such as the petitioners herein is for the protection of the public in the exercise of the police power and not for the purpose of punishing any licensee. It is settled that proceedings to suspend or revoke business or professional licenses are not included among the penalties and disabilities that are released by a dismissal pursuant to section 1203.4' (*Id.* at p. 188, citations omitted.)

"Finally, in *Ready* v. *Grady* (1966) 243 Cal.App.2d 113 [52 Cal.Rptr. 303], an insurance agent's license was revoked because of an expunged felony conviction. Relying on the foregoing decisions, the Court of Appeal upheld the revocation indicating '[i]t is now well settled that the suspension

or revocation of a license to practice a profession is not a penalty or disability within the purview of section 1203.4 of the Penal Code.' (*Supra,* at p. 116.) The purpose of such revocation 'is not the punishment of the licensee, but rather the protection of the public.' (*Ibid.*)" (*Adams, supra,* 235 Cal.App.3d at pp. 880-881.)

The *Adams* decision added to this line of authority. The plaintiff in *Adams* had pleaded guilty to a felony offense in Kansas that was later expunged. (*Adams, supra,* 235 Cal.App.3d at p. 877.) The *Adams* decision concluded that Government Code section 1029, subdivision (a) prevented the plaintiff from serving as a peace officer because that statute disqualifies persons who have " 'been convicted of a felony in this state or any other state.' " (*Adams, supra,* 235 Cal.App.3d at p. 877.)

These cases evidence a uniform trend to construe statutes as permitting discipline based on an expunged conviction absent some statutory language precluding the use of such convictions. (See *Copeland* v. *Dept. of Alcoholic Bev. Control* (1966) 241 Cal.App.2d 186, 188-189 [241 Cal.App.2d 186, 50 Cal.Rptr. 452].) Sections 2236 and 2236.1 do not expressly limit the use of expunged misdemeanor convictions. The MPA as a whole contains no such limitation either. To the contrary, the MPA's overall focus on physician *conduct* is wholly consistent with our interpretation of section 2236 and section 2236.1. For example, section 2234, subdivision (e), defines unprofessional conduct as including "[t]he commission of any act involving dishonesty or corruption which is substantially related to the qualifications, functions, or duties of a physician and surgeon." Thus, conduct which may be criminal can form the basis for discipline under section 2234 even if the physician was not charged with or convicted of a crime. Permitting discipline on the basis of a plea of guilty—an admission of certain conduct (see *Adams, supra,* 235 Cal.App.3d at p. 882)—regardless of whether the plea is later set aside under Penal Code section 1203.4 similarly represents a focus on the physician's conduct, not the criminal consequences of that conduct.

Krain argues, however, that prior to its amendment in 1994, section 2236 expressly permitted discipline on the basis of an expunged conviction without regard for whether the conviction was a felony or a misdemeanor. Krain therefore contends that his plea of guilty cannot form the basis for discipline because the 1994 amendments removed that express permission from section 2236.

We disagree. Section 2236 was amended in 1994 by Senate Bill No. 1775 (1993-1994 Reg. Sess.). Prior to this amendment, section 2236 provided, as it does today, that "[t]he conviction of any offense substantially related to the qualifications, functions, or duties of a physician and surgeon constitutes unprofessional conduct within the meaning of this chapter." (Stats. 1980, ch. 1313, § 2, p. 4474 [§ 2236, subd. (a)]).) However, unlike section 2236 in its

current form, then section 2236 provided, much like section 2236.1 now provides, that "[d]iscipline may be ordered in accordance with Section 2227, or the Division of Licensing may order the denial of the license when the time for appeal has elapsed, or the judgment of conviction has been affirmed on appeal, or when an order granting probation is made suspending the imposition of sentence, *irrespective of a subsequent order under the provisions of Section 1203.4 of the Penal Code allowing such person to withdraw his or her plea of guilty and to enter a plea of not guilty, or setting aside the verdict of guilty, or dismissing the accusation, complaint, information, or indictment.*" (Stat. 1980, ch. 1313, § 2, p. 4474 [§ 2236, former subd. (c)], italics added.)

The evolution of Senate Bill No. 1775 clarifies that the revisions which that bill ultimately made to section 2236 were not intended to change the consequences of a misdemeanor conviction even if the trial court had set aside the conviction under the authority of Penal Code section 1203.4. In its initial incarnation, Senate Bill No. 1775 did not propose a change to section 2236. (See Sen. Bill No. 1775 (1993-1994 Reg. Sess.) as introduced on Feb. 24, 1994.) The first version of Senate Bill No. 1775 that suggested an amendment to section 2236 also proposed the creation of section 2236.1. (See Sen. Bill No. 1775 (1993-1994 Reg. Sess.) as amended Apr. 12, 1994.) This version of Senate Bill No. 1775 proposed removing the language in section 2236 that referred to Penal Code section 1203.4 and proposed including similar language in section 2236.1.[4] (See Sen. Bill No. 1775 (1993-1994 Reg. Sess.) as amended Apr. 12, 1994.) However, that proposed version of section 2236.1 would have addressed all convictions (not just felonies) that were substantially related to the qualifications, functions, or duties of a physician and surgeon. (See Sen. Bill No. 1775 (1993-1994 Reg. Sess.) as amended Apr. 12, 1994.) Later versions of Senate Bill No. 1775 limited the first two subdivisions of proposed section 2236.1 to felonies (Sen. Bill No. 1775 (1993-1994 Reg. Sess.) as amended June 29, 1994), then removed this limitation (Sen. Bill No.. 1775 (1993-1994 Reg.

---

[4]In this variation of proposed section 2236.1, subdivision (b) of section 2236.1 would have provided: "If, after notice and opportunity to be heard (which hearing shall not be had until the judgment of conviction has become final, or, irrespective of any subsequent order under Section 1203.4 of the Penal Code, an order granting probation has been made suspending the imposition of sentence), the Division of Medical Quality finds that the crime of which the licensee was convicted, or the circumstances of its commission, is substantially related to the qualifications, functions, or duties of a physician and surgeon, the division shall enter an order revoking the physician and surgeon's certificate or suspending the licensee from practice for a specified time, according to the gravity of the crime and the circumstances of the case; otherwise the division shall dismiss the proceedings. In determining the extent of the discipline to be imposed in a proceeding pursuant to this article any prior discipline imposed upon the licensee may be considered." (Sen. Bill No. 1775, (1993-1994 Reg. Sess.) as amended Apr. 12, 1994.)

Sess.) as amended Aug. 19, 1994) and then again imposed a felony limitation on subdivisions (a) and (b) of section 2236.1 (Sen. Bill No. 1775 (1993-1994 Reg. Sess.) as amended Aug. 25, 1994). Despite the many variations on section 2236.1, the legislative history contains no indication that Senate Bill No. 1775 was intended to change the affect of dismissal under Penal Code section 1203.4. To the contrary, much of the legislative history indicates that Senate Bill No. 1775 made primarily technical changes to section 2236, (see, e.g., Analysis of Sen. Bill No. 1775 (1993-1994 Reg. Sess.) as amended June 2, 1994 ["clean-up"]; Analysis of Sen. Bill No. 1775 (1993-1994 Reg. Sess.) as amended June 29, 1994 [same]; Assem. Com. on Health, Analysis of Sen. Bill No. 1775 (1993-1994 Reg. Sess.) as amended Aug. 19, 1994 [same]) and that the nontechnical changes strengthened, rather than weakened, the Board's disciplinary powers (see, e.g., Analysis of Sen. Bill No. 1775 (1993-1994 Reg. Sess.) as amended June 2, 1994 ["increase penalties for physicians and nonphysicians who commit specified offenses;" "creat[e] an automatic suspension of a physician's license for certain felony convictions"]; Analysis of Sen. Bill No. 1775 (1993-1994 Reg. Session) as amended June 29, 1994 [same]; Assem. Com. on Health, Analysis of Sen. Bill No. 1775 (1993-1994 Reg. Sess.) as amended Aug. 19, 1994 [same]). Thus, the legislative history suggests that Senate Bill No. 1775 was not intended to lessen the potential for discipline when a misdemeanor conviction is set aside under Penal Code section 1203.4. The fact that a misdemeanor conviction is expunged under the authority of Penal Code section 1203.4 does not preclude the Board's reliance on that conviction for purposes of discipline under section 2236.

██  However, this conclusion does not completely resolve the question of whether, in imposing discipline, the Board properly relied on Krain's plea of guilty to the charge of soliciting the subornation of perjury. Krain's conviction may properly form the basis of discipline only if it is "substantially related to the qualifications, functions, or duties of a physician and surgeon . . . ." (§ 2236, subd. (a).) Whether such a relationship exists is a question of law "for this court's independent determination. [Citations.]" (*Gromis* v. *Medical Board* (1992) 8 Cal.App.4th 589, 598 [10 Cal.Rptr.2d 452].)

Krain contends that his conviction for solicitation of subornation of perjury does not bear a substantial relationship to his qualifications as a physician. Based on *Windham* v. *Board of Medical Quality Assurance* (1980) 104 Cal.App.3d 461 [163 Cal.Rptr. 566] (*Windham*), we reject Krain's contention. In *Windham,* a physician was disciplined as a result of his conviction for tax fraud. In that case, the physician argued "that while tax fraud may adversely reflect on his moral character, it is not the type of transgression which reflects on his professional qualifications, functions or duties." (*Id.* at p. 470.) The Court of Appeal rejected this argument: "First of

all, we find it difficult to compartmentalize dishonesty in such a way that a person who is willing to cheat his government out of $65,000 in taxes may yet be considered honest in his dealings with his patients. In this connection, however, we should point out that today's doctor deals financially with the government—state, local and federal—in many ways that have nothing to do with his own personal tax obligation. . . . [¶] . . . Above all, however, there is the relation between doctor and patient. It is unnecessary to describe the extent to which that particular relationship is based on utmost trust and confidence in the doctor's honesty and integrity." (*Ibid.*)

Krain's conviction for soliciting the subornation of perjury, like the tax fraud conviction at issue in *Windham,* involves dishonesty. We agree with the reasoning of *Windham*: the intentional solicitation to commit a crime which has as its hallmark an act of dishonesty cannot be divorced from the obligation of utmost honesty and integrity to the patients whom the physician counsels, as well as numerous third party entities and payors who act on behalf of patients. (*Windham, supra,* 104 Cal.App.3d at p. 470; see also *Matanky* v. *Board of Medical Examiners* (1978) 79 Cal.App.3d 293, 305-306 [144 Cal.Rptr. 826].) Krain's plea of guilty to solicitation of subornation of perjury is substantially related to his qualifications as a physician.

Krain also complains that no evidence, other than the guilty plea itself, was offered on the subject of "substantial relationship." Krain contends that without additional evidence, the Board's decision effectively constitutes a presumption that a violation of Penal Code section 653f, subdivision (a) meets the substantial relationship test. Krain argues that the Board is not permitted to make such a presumption because section 2236.1 lists certain offenses that are conclusively presumed to meet the substantial relationship test and that list does not include violations of Penal Code section 653f. (§ 2236.1, subd. (c).)

Krain misperceives the purpose of the presumption created in subdivision (c) of section 2236.1. That presumption renders it unnecessary for the Board to hold a *hearing* on the issue of substantial relationship. (See § 2236.1, subd. (c).) In all other instances, a hearing is required. We find no indication that the hearing requirement imposes additional *evidentiary* requirements on the Board in deciding the substantial relationship issue.

Krain also contends that the Board was barred by collateral, promissory and equitable estoppel from finding that his conviction was substantially related to his qualifications as a physician. Krain's estoppel arguments rely on the trial court's express finding in Krain's criminal proceeding that "the crime to which [Krain] is going to plead guilty is not a crime that is associated with the practice of medicine." We initially respond that the trial court's finding does not appear to consider the precise question presented by

section 2236—whether the crime is "substantially related to the qualifications, functions, or duties of a physician and surgeon . . . ." (See § 2236, subd. (a).)

We also reject Krain's reliance on these three forms of estoppel because his brief makes only "passing reference" to these issues without adequate argument or citation to authority. (*Dills* v. *Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1 [33 Cal.Rptr.2d 838].) "We will not develop [Krain's] arguments for [him], and therefore decline to reach [these] issues . . . ." (*Ibid.*)

For the reasons we have just given, we conclude that Krain's conviction may properly be considered as a basis for discipline.

2.-5.*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

III. DISPOSITION

We dismiss Krain's appeals and deny the petition for extraordinary writ of mandamus.

Haning, J., and Stevens, J., concurred.

A petition for a rehearing was denied June 8, 1999, and the opinion was modified to read as printed above.

---

*See footnote, *ante*, page 1416.