# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2698

_____

Bernard Anthony Valentine,      *
        *
        Appellant,    *    Appeal from the United States
        *    District Court for the Eastern
    v.         *    District of Missouri.
        *
United States of America,    *     [UNPUBLISHED]
        *
        Appellee.    *

_____

Submitted:  June 19, 2000

Filed:  June 29, 2000

_____

Before WOLLMAN, Chief Judge, FAGG and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Bernard Anthony Valentine appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, contending only that his criminal history category should be reduced because an earlier California conviction counted in computing Valentine's criminal history category was "expunged." See United States Sentencing Guidelines Manual, § 4A1.2(j) (1993) ("[s]entences for expunged convictions are not counted" in figuring criminal history category); but see id., comment. n.10 ("A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for

reasons unrelated to innocence or errors of law, <u>e.g.</u>, in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted. However, expunged convictions are not counted."). Valentine's earlier California conviction was set aside because Valentine met certain conditions outlined in California Penal Code § 1203.4(a). Section 1203.4(a) provides, however, that "in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed." Additionally, as the district court concluded:

> The California courts have held that, "expungement under . . . section 1203.4 does not eradicate a conviction or purge a defendant of the guilt established thereby." <u>Adams v. County of Sacramento</u>, 1 Cal. Rptr. 2d 138, 141 (Cal. App. 1991) . . . . Further, set aside convictions may be used to enhance punishment in subsequent prosecutions. <u>Id.</u> . . . [Valentine's] California conviction was set aside for reasons "unrelated to innocence or errors of law," and thus may properly be counted in computing his criminal history.

(Dist. Ct. Order at 4.) We thus affirm the denial of Valentine's § 2255 motion for the reasons expressed in the district court's thorough order. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-