BILL LOCKYER Attorney General MARC J. NOLAN Deputy Attorney General
THE HONORABLE JOHN SARSFIELD, DISTRICT ATTORNEY, COUNTY OF SAN BENITO, has requested an opinion on the following question:
May a person appointed as an unpaid, volunteer investigator by a district attorney qualify as a "peace officer"?
 CONCLUSION
A person appointed as an unpaid, volunteer investigator by a district attorney may qualify as a "peace officer" provided that he or she is assigned to perform investigative duties and otherwise meets all standards imposed by law. *Page 2 
 ANALYSIS
We are informed that a district attorney is considering the appointment of a person to be an unpaid, volunteer investigator.[1] We are asked whether the appointment would qualify the person as a "peace officer." We conclude that it would.
Penal Code section 830[2] establishes the basic standard for attaining the classification of a "peace officer":
 "Any person who comes within the provisions of this chapter and who otherwise meets all standards imposed by law on a peace officer is a peace officer, and notwithstanding any other provision of law, no person other than those designated in this chapter is a peace officer. The restriction of peace officer functions of any public officer or employee shall not affect his or her status for purposes of retirement."
"This chapter" (§§ 830-832.9) includes a specific reference to investigators employed in a district attorney's office. Section 830.1, subdivision (a), states:
 "Any sheriff, undersheriff, or deputy sheriff, employed in that capacity, of a county, any chief of police of a city or chief, director, or chief executive officer of a consolidated municipal public safety agency that performs police functions, any police officer, employed in that capacity and appointed by the chief of police or chief, director, or chief executive of a public safety agency, of a city, any chief of police, or police officer of a district, including police officers of the San Diego Unified Port District Harbor Police, authorized by statute to maintain a police department, any marshal or deputy marshal of a superior court or county, any port warden or port police officer of the Harbor Department of the City of Los Angeles, or any inspector or investigator employed in that capacity in the office of a district attorney, . . ." (Italics added.) *Page 3 
The issue to be resolved is whether a person appointed by a district attorney as an unpaid, volunteer investigator may qualify as one who is "employed" in that capacity under the terms of section 830.1.
In construing the language of section 830.1, we may apply well recognized rules of statutory construction. "When interpreting a statute our primary task is to determine the Legislature's intent. [Citation.]" (Freedom Newspapers, Inc. v. Orange County Employees RetirementSystem (1993) 6 Cal.4th 821, 826.) In so doing, we "look first to the words of the statute themselves, giving to the language its usual, ordinary import and according significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose." (Dyna-Med, Inc. v. Fair Employment Housing Com. (1987) 43 Cal.3d 1379,1386-1387.) "If the language contains no ambiguity, we presume the Legislature meant what it said, and the plain meaning of the statute governs." (People v. Robles (2000) 23 Cal.4th 1106, 1111.) "If, however, the statutory language is susceptible of more than one reasonable construction, we can look to legislative history [citation] and to rules or maxims of construction [citation]." (People v. Smith (2004)32 Cal.4th 792, 798; accord, In re Dannenberg (2005) 34 Cal.4th 1061,1081.)
Here, we have an ambiguity in the statutory language. The term "employed" in this context may commonly mean either "to use or engage the services of" or "to provide with a job that pays wages or a salary or with a means of earning a living." (Webster's 3d New Internat. Dict. (2002) p. 743.) The first definition would include an unpaid volunteer, while the second definition would not.
In considering "[b]oth the legislative history of the statute and the wider historical circumstances of its enactment" (Dyna-Med, Inc. v. FairEmployment Housing Com., supra, 43 Cal.3d at p. 1387), we find that the Legislature amended the language of section 830.1 in 1990 (Stats. 1990, ch. 1695, § 9). The amendment deleted the previous requirement that certain persons listed in the statute must be "regularly employed and paid in that capacity" to qualify as a "peace officer." (SeeBell v. Duffy (1980) 111 Cal.App.3d 643, 648-649 [temporary jail guard not "regularly employed and paid" under former version of section 830.1].) Prior to 1990, then, an unpaid volunteer investigator appointed by a district attorney could not qualify as a "peace officer" under the provisions of section 830.1. However, after the amendment, being "regularly employed and paid" was no longer required.
Given the Legislature's decision to remove the requirement of being "regularly employed and paid," we believe that a district attorney's investigator, whether paid or unpaid, is "employed in that capacity" within the meaning of section 830.1. Of course, he or she must be assigned the duties and perform the work of a district attorney's investigator. (Cf. Abbate v. County of Santa Clara (2001)91 Cal.App.4th 1231, 1240 [whether deputy sheriff is "employed in that capacity" under section 830.1 depends upon the duties assigned *Page 4 
and the work performed].) So, provided that the unpaid volunteer in question is assigned the duties and performs the work of a district attorney's investigator, the position would be that of a "peace officer."
We note that section 830 also specifies that a person appointed as a peace officer, whatever the particular classification, must meet all applicable "standards imposed by law." For example, Government Code section 1031 requires peace officer candidates to meet certain "minimum standards," including the possession "of good moral character as determined by a thorough background investigation" before attaining peace officer status. (See County of Riverside v. Superior Court (2002)27 Cal.4th 793, 806 ["If the minimum standards are to have any real meaning, a candidate has to meet the standards prior to becoming a peace officer"].) Government Code section 1031 states:
 "Each class of public officers or employees declared by law to be peace officers shall meet all of the following minimum standards:
 "(a) Be a citizen of the United States or a permanent resident alien who is eligible for and has applied for citizenship, except as provided in Section 2267 of the Vehicle Code.
 "(b) Be at least 18 years of age.
 "(c) Be fingerprinted for purposes of search of local, state, and national fingerprint files to disclose a criminal record.
 "(d) Be of good moral character, as determined by a thorough background investigation.
 "(e) Be a high school graduate, pass the General Education Development Test indicating high school graduation level, pass the California High School Proficiency Examination, or have attained a two-year or four-year degree from an accredited college or university. The high school shall be either a United States public school meeting the high school standards set by the state in which it is located, an accredited United States Department of Defense high school, or an accredited nonpublic high school. Any accreditation required by this paragraph shall be from an accrediting association recognized by the Secretary of the United States Department of Education. This subdivision shall not apply to a public officer or employee who was employed, prior to the effective date of the amendment of this section made at the 1971 Regular Session of the Legislature, in any position declared by law prior to the effective date of that amendment to be peace officer positions. *Page 5 
 "(f) Be found to be free from any physical, emotional, or mental condition that might adversely affect the exercise of the powers of a peace officer.
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."
Additionally, law enforcement agencies are generally prohibited from appointing felons, mentally disordered sex offenders, or those committed for narcotics addiction. (Gov. Code, § 1029; see Adams v. County ofSacramento (1991) 235 Cal.App.3d 872, 877-878; 76 Ops.Cal.Atty.Gen. 270,275-277 (1993).) Assuming that the person otherwise meets all standards imposed by law, however, the fact that a district attorney's investigator is an unpaid volunteer does not disqualify him or her as a "peace officer" under the provisions of section 830.1.
We conclude that a person appointed as an unpaid, volunteer investigator by a district attorney may qualify as a "peace officer" provided that he or she is assigned to perform investigative duties and otherwise meets all standards imposed by law.[3]
[1] The person has completed a Specialized Investigators' Basic Course and an Investigation and Trial Preparations Course certified by the Commission on Peace Officer Standards and Training. (See Cal. Code Regs., tit. 11, § 1005.)
[2] All further references to the Penal Code are by section number only.
[3] We have previously distinguished between a person's attaining thestatus of a peace officer and exercising the powers of a peace officer. The former depends upon the appointment to a statutorily defined "peace officer" position, while the latter depends upon, among other things, whether the officer has satisfied applicable training requirements. (See86 Ops.Cal.Atty.Gen. 112, 113-115 (2003); 85 Ops.Cal. Atty.Gen. 203, 207
(2002); 80 Ops.Cal.Atty.Gen. 293, 294-295 (1997); see also51 Ops.Cal.Atty.Gen. 110, 112 (1968).) We are concerned here only with the question of a person's peace officer status. *Page 1